■ · In the Matter of THOMAS J. CERNIGLIA, Individually and as Parent of ROBERT CERNIGLIA, an Infant, et al., Appellants, v GORDON M. AMBACH, Individually and as Commissioner of Education of the University of the State of New York, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Travers, J.), entered January 11, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as moot.

Petitioner City of Poughkeepsie City School District (hereinafter the district) was eligible for small city school district supplemental aid, known as Hurd aid, in the 1986-1987 school year under Education Law § 3602 (31). To be eligible for "full difference funding", essentially the difference between its operating budget and revenues from all other sources, the district was required to levy taxes at a "real property tax equivalent rate" (hereinafter RPTER) which exceeded the previous year's rate by a certain percentage. Petitioner Board of Education of the district issued a tax warrant in September 1986 authorizing the collection of school taxes totaling $7,658,500 on real property in the district. However, in February 1987, the district reduced its tax levy by $367,500, doing so because it interpreted Education Law § 3602 (31) (a) (3) as dictating the use of one-year full value statistics in calculating the district's RPTER, rather than the five-year average full value called for in respondent Commissioner of Education's regulations (8 NYCRR 175.34 [a] [6]-[8]). As a result, the State Education Department deemed the district ineligible for full difference funding and reduced the amount of aid the district would eventually receive to the "save harmless amount", a reduction of approximately $2.25 million. Due to this dramatic drop in funding the district maintained it would be forced to close its schools before the end of the school year.

The district, its Board of Education and individual taxpayers commenced this proceeding seeking a determination that 8 NYCRR 175.34 (a) (6) was illegal in requiring use of five-year average full value statistics to determine formula aid eligibility under Education Law § 3602 (31) and a preliminary injunction directing respondents to pay the district its full difference funding amount for the 1986-1987 school year. In the meantime, the Legislature enacted and the Governor signed Laws of 1987 (ch 73), which ordered the district to issue a supplemental tax warrant to collect the $367,500 by which the

district was deemed short of qualifying for full difference funding under the Commissioner's regulations. Respondents moved before Supreme Court (Hughes, J.) to dismiss the petition as moot based upon Laws of 1987 (ch 73), but that motion was denied as the validity of the Commissioner's regulation was still in question. Later that same year Laws of 1987 (ch 616) was enacted, adopting a new formula for calculating Hurd aid which does not invoke the challenged regulation. Respondents again moved before Supreme Court (Travers, J.) to dismiss the petition as moot, this time successfully. Petitioners appeal; we affirm.

Petitioners first argue that Supreme Court was prohibited by the law of the case doctrine from addressing the question of mootness since that had already been passed upon by another Supreme Court Justice. When a matter becomes moot a court is deprived of an actual controversy, the essential wherewithal of a court's jurisdiction *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713; *see also, Liner v Jafco, Inc.,* 375 US 301, 306, n 3), and for that reason the issue of mootness may be raised at any time *(see, Sibron v New York,* 392 US 40, 50, n 8). In fact, it is incumbent upon counsel to inform the court of changed circumstances which render a matter moot *(see, e.g.,* Clerk of the New York Court of Appeals, Notice to the Bar [July 18, 1988], NYLJ, July 19, 1988, at 1, col 1), for a defect in subject matter jurisdiction is not curable, even by consent of the parties *(see,* Siegel, NY Prac § 8, at 9-10, citing *Robinson v Oceanic Steam Nav. Co.,* 112 NY 315, 324). In any event, the practice doctrine of law of the case is irrelevant at this juncture for Supreme Court's initial decision, though binding on courts of coordinate jurisdiction, does not astrict an appellate court *(see, Martin v City of Cohoes,* 37 NY2d 162, 165).

It is also petitioners' contention that Laws of 1987 (ch 73) was only intended to remedy the acute fiscal crisis confronting the district occasioned by the Commissioner's withholding of over $2 million in supplemental aid. While that may or may not be so, it does not render the issue justiciable. To begin with, an award ordering repayment to the district of the $367,500 it levied in additional taxes, the only harm now alleged, would directly contravene Laws of 1987 (ch 73). Hence, unless that statute is unconstitutional, and petitioners do not so allege, the remedy is not within the power of the courts to grant. Moreover, passage of the enactment is a strong endorsement of the questioned regulation, for it was equally within the power of the Legislature to simply allocate

the $2.25 million in aid or otherwise indicate that petitioners' interpretation of Education Law § 3602 (31), not the Commissioner's, was correct. The likelihood of any dispute over future application of the challenged regulation has been obviated by the passage of Laws of 1987 (ch 616). That statute allows a school district to choose either the new or the old formula for calculating Hurd aid during the 1987-1988 school year, but that is not the school year at issue here and the chance that the transition provision will spawn litigation is small.

That brings us to the exceptions to the mootness doctrine. A matter will be entertained by courts, despite its mootness, where a significant combination of the following factors are present: it is (1) of public importance, (2) recurring, (3) likely to escape review, (4) novel in terms of judicial review (*Matter of Storar*, 52 NY2d 363, 369-370, *cert denied* 454 US 858; *see, e.g., Matter of Adams v Meloni*, 63 NY2d 868, 870). Inasmuch as challenges to a regulation as ultra vires or violative of the separation of powers doctrine must be determined in the context of the precise regulation and its authorizing legislation, the question presented by this appeal is unlikely to recur. Nor is this a phenomenon typically escaping review for regulations are routinely examined by this court to test their validity. And while it may be argued that what occurred here is an instance of illegal administrative legislating that was rubber-stamped, after-the-fact, by the Legislature and that permitting this proceeding to be dismissed as moot will institutionalize an undemocratic practice, such an argument demands a cynical view of the Legislature, one that divests it of the representative status upon which petitioners rely for their contention that respondents violated the principle of separation of powers when they promulgated and enforced the challenged regulation. This court must assume that the acts of the Legislature are not pro forma but are expressions of the will of the people of the State. Finally, given the change in formula used to calculate Hurd aid, the issue being pressed is no longer one of significant public importance.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.