■ In the Matter of NEW YORK STATE SCHOOL BOARDS ASSOCIATION, INC., et al., Appellants, v NEW YORK STATE BOARD OF REGENTS et al., Respondents. [619 NYS2d 837] —White, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered February 3, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as moot.

Education Law § 4402 (2) (b) (2) provides that, upon receipt of the recommendation of its Committee on Special Education (hereinafter CSE), a local board of education shall select the most reasonable and appropriate special service or program for a child with handicapping conditions. In response to a directive from the United States Department of Education, respondent Board of Regents on June 24, 1993 adopted, and on July 23, 1993 readopted, an emergency regulation to amend 8 NYCRR part 200 which implements Education Law § 4402. As amended, 8 NYCRR former 200.2 (d) (1) directed boards of education to *arrange for* the appropriate special education programs and services to be provided to a student with a disability *as recommended by the [CSE]*" (emphasis supplied). The State Office for Regulatory and Management Assistance (hereinafter ORMA) determined that the regulation was not consistent with Education Law § 4402 (2) (b) (2) and issued a notice of noncompliance pursuant to the State Administrative Procedure Act.

Thereafter, petitioners commenced this proceeding seeking a judgment invalidating the emergency regulation on the ground that respondents' adoption of it was ultra vires. Following the commencement of this proceeding, respondent State Education Department amended the regulation in a manner that was satisfactory to ORMA and the Board of Regents adopted the amended regulation on October 15, 1993 (*see,* 8 NYCRR 200.2 [d] [1]). Petitioners, however, did not amend their petition to reflect these developments.

Having failed to do so, petitioners are foreclosed from challenging the amended regulation in this proceeding *(see, Matter of Crawford v Kelly,* 124 AD2d 1018; 24 Carmody-Wait 2d, NY Prac § 145:227, at 233). Their argument that this proceeding should go forward because the amended regulation is so similar to the original one as to be indistinguishable is rejected because a challenge to a regulation as ultra vires must be determined in the context of the precise regulation and the authorizing legislation *(see, Matter of Cerniglia v Ambach,* 145 AD2d 893, 895, *lv denied* 74 NY2d 603). For these reasons, we affirm Supreme Court's dismissal of the petition as moot.

Cardona, P. J., Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.