■ CHERYL WILLIAMSON, Respondent, v PATRICIA EDWARDS et al., Respondents, and EDWARD CARROLL, Appellant. [710 NYS2d 252] —Motion by the appellant on appeals from two orders of the Supreme Court, Kings County, dated November 20, 1997, and April 9, 1998, respectively, to resettle a decision and order of this Court dated May 24, 1999.

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the decision and order of this Court dated May 24, 1999 (261 AD2d 612), in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the defendant Edward Carroll appeals from (1) an order of the Supreme Court, Kings County (Barasch, J.), dated November 20, 1997, which denied his motion to dismiss the complaint insofar as asserted against him for failure to comply with CPLR 306-b (a) and (b), and (2) an order of the same court, dated April 9, 1998, which denied his motion to reargue his prior motion and for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the appeal from so much of the order dated April 9, 1998, as denied that branch of the appellant's motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 20, 1997, is reversed, on the law, and the motion to dismiss the complaint insofar as asserted against the appellant is granted, and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal from so much of the order dated April 9, 1998, as denied that branch of the appellant's motion which was for summary judgment is dismissed as academic in light of our disposition of the appeal from the order dated November 20, 1997; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff's complaint, insofar as it is asserted against the appellant, was subject to an automatic and self-executing dismissal on July 29, 1995, that is, 120 days following the commencement of the action by filing on March 31, 1995, due to the plaintiff's failure to file proof of service within that time (*see,* CPLR [former] 306-b [a]; *Matter of Gershel v Porr,* 89 NY2d 327; *Connor v Deas,* 255 AD2d 287; *Brackett v St. Mary's Hosp.,* 233 AD2d 357).

We note that there is no proof that the cross claim asserted by the defendants Patrick Edwards and Rolando Edwards was properly served on the appellant prior to dismissal. Bracken, J. P., Thompson, Goldstein and Florio, JJ., concur.