■ SHEILA DUNHAM, Appellant, et al., Plaintiffs, v BRIAN J. WING, Respondent. MARIA JACKSON, Proposed Intervenor-Appellant; HUDSON FLEETWOOD ASSOCIATES, LLC, Proposed Defendant-Respondent. [743 NYS2d 877] —In an action, inter alia, for a judgment declaring that the defendant's housing allowance schedules set forth in 18 NYCRR 352.3 violate the plaintiffs' state constitutional and applicable federal and state statutory rights to obtain and retain decent, safe, and adequate housing, (1) the plaintiff Sheila Dunham, and Maria Jackson appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), dated November 2, 2000, as denied those branches of the motion of Maria Jackson which were (a) for leave to intervene as a plaintiff and (b) to join the nonparty Hudson Fleetwood Associates, LLC, as a defendant, (2) Maria Jackson appeals, as limited by her brief, from so much of an order of the same court, also dated November 2, 2000, as denied that branch of her motion which was for summary judgment, and (3) the plaintiff Sheila Dunham, and Maria Jackson appeal from an order of the same court, dated March 13, 2001, which, upon a decision of the same court, dated November 16, 1999, (a), sua sponte, dismissed the action, (b), sua sponte, vacated the provision of a so-ordered stipulation entered March 25, 1999, permitting the plaintiff Sheila Dunham to intervene, and (c) denied that branch of the motion of Maria Jackson which was for leave to intervene as a plaintiff.

Ordered that the appeals from so much of the first order dated November 2, 2000, as denied that branch of the motion of Maria Jackson which was for leave to intervene as a plaintiff are dismissed, as so much of that order as is appealed from was superseded by the order dated March 13, 2001; and it is further,

Ordered that the appeal by Sheila Dunham from so much of the first order dated November 2, 2000, as denied that branch of the motion of Maria Jackson which was to join Hudson Fleetwood Associates, LLC, as a defendant is dismissed, as she is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeal by Sheila Dunham from so much of

the order dated March 13, 2001, as denied that branch of the motion of Maria Jackson which was for leave to intervene as a plaintiff is dismissed, as she is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeals from so much of the order dated March 13, 2001, as, sua sponte, dismissed the action and vacated the provision of a so-ordered stipulation dated February 18, 1999, permitting the plaintiff Sheila Dunham to intervene are dismissed, as no appeal lies as of right from an order entered sua sponte, and leave to appeal has not been granted (*see* CPLR 5701 [a] [2]); and it is further,

Ordered that the first order dated November 2, 2000, is affirmed insofar as reviewed; and it is further,

Ordered that the second order dated November 2, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 13, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent Brian J. Wing.

Noting that the appellants received the relief that they sought from the defendant's agency, the Supreme Court, in an order dated March 13, 2001, sua sponte, dismissed the action because it had been rendered academic (*see Matter of Fry v Village of Tarrytown,* 89 NY2d 714; *Lacks v Lacks,* 41 NY2d 71; *Matter of Cerniglia v Ambach,* 145 AD2d 893), and modified a particular provision of a stipulation. Portions of an order that are made sua sponte are not appealable as of right (*see Neuman Distribs. v Pharmedix, Inc.,* 289 AD2d 546; CPLR 5701 [c]). Under the circumstances of this case, we decline to grant leave to appeal from these portions of the order.

As the action was dismissed, the Supreme Court correctly denied, as academic, those branches of the motion of the nonparty Maria Jackson which were for leave to intervene in the action as a plaintiff (*cf. Matter of Masjid-At-Taqwa, Inc. v Bernstein,* 157 AD2d 782), and to have her landlord joined as a defendant (*cf. Matter of Carp v Bryant,* 105 AD2d 488). Similarly, the court also properly denied, as academic, that branch of Jackson's separate motion which was for summary judgment (*cf. Williamson v Edwards,* 273 AD2d 230). Prudenti, P.J., Feuerstein, Friedmann and H. Miller, JJ., concur.