■ In the Matter of NRG ENERGY, INC., et al., Respondents, v ERIN M. CROTTY, as Commissioner of Environmental Conserva-

tion, et al., Appellants. (Proceeding No. 1.) In the Matter of MULTIPLE INTERVENORS et al., Respondents-Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant-Respondent. (Proceeding No. 2.) (And Another Related Proceeding.) [795 NYS2d 129]—

Mercure, J.P. (1) Appeal in proceeding No. 1 and cross appeals in proceeding No. 2 from a judgment of the Supreme Court (Stein, J.), entered June 3, 2004 in Albany County, which, inter alia, partially granted petitioners' applications, in two proceedings pursuant to CPLR article 78, to invalidate certain regulations promulgated by respondent Department of Environmental Conservation regarding acid deposition reduction, and (2) appeal from a judgment of said court (Malone, Jr., J.), entered October 19, 2004 in Albany County, which dismissed petitioners' application, in proceeding No. 3 pursuant to CPLR article 78, to, inter alia, review subsequent emergency regulations regarding acid deposition reduction.

These consolidated appeals involve challenges to repealed and emergency versions of Acid Deposition Reduction Program (hereinafter ADRP) regulations promulgated by respondent Department of Environmental Conservation (hereinafter DEC; see 6 NYCRR 200.9, parts 237, 238). Petitioners commenced two separate CPLR article 78 proceedings seeking a judgment annulling and setting aside the original version of the ADRP regulations, which were promulgated in April 2003. Supreme Court (Stein, J.), issued a single decision and judgment partially granting the petitions, concluding that the regulations were invalid to the extent that DEC failed to comply with the deadline for rulemaking contained in State Administrative Procedure Act § 202 and that the regulations did not comply with certain requirements of ECL 19-0915. The court rejected the claim of petitioners in proceeding No. 2 (hereinafter collectively referred to as Multiple Intervenors) that DEC's promulgation of the ADRP regulations was ultra vires and violative of the separation of powers doctrine. Respondents in each proceeding appealed, asserting that Supreme Court improperly held that the

ADRP regulations violated State Administrative Procedure Act § 202 and ECL 19-0915. Multiple Intervenors cross-appealed in proceeding No. 2, asserting, among other things, that DEC lacked the statutory authority to issue the ADRP regulations and violated the separation of powers doctrine in enacting the challenged regulations.

Following Supreme Court's decision and judgment, DEC promulgated emergency ADRP regulations that expressly repealed the original regulations, and which became effective the day after the appeals from Supreme Court's judgment were perfected. The emergency regulations replaced the initial regulations and added, among other things, new provisions that were apparently intended to address some of the defects found by Supreme Court (*see* 6 NYCRR 237-1.6 [g]; 238-1.6 [g]; 237-1.1, 238-1.1).* Multiple Intervenors then commenced a third CPLR article 78 proceeding seeking annulment of the emergency regulations. Supreme Court (Malone, Jr., J.), dismissed the petition and Multiple Intervenors appealed, again challenging DEC's authority to promulgate the ADRP regulations.

In March 2005, several months after the promulgation of the emergency regulations and while the appeals in all three proceedings remained pending in this Court, DEC approved and adopted final revised ADRP regulations. Respondents now argue that petitioners' challenges in all three proceedings have been rendered moot by the implementation of the final ADRP regulations. Petitioners dispute this contention, arguing that all three controversies are justiciable or, in the alternative, fall within the exception to the mootness doctrine because they present substantial, novel and recurring issues.

We conclude that DEC's implementation of the final revised ADRP regulations has rendered all three proceedings moot. It is well settled that a court's jurisdiction extends only to live controversies and, thus, "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003], *cert denied* 540 US 1017 [2003]). Petitioners' claims addressed to the original regulations have been rendered moot not only by the implementation of the emergency regulations, which specifi-

---

* We note, however, that these changes were removed from the most recent of several versions of the emergency regulations (*see* 6 NYCRR 237-1.1, 237-1.6 [g]; 238-1.1, 238-1;6 [g] [eff Mar. 15, 2005]), but have been reinserted in the final revised regulations (*id.* [eff Apr. 27, 2005]).

cally repealed the original regulations (*see Saratoga County Chamber of Commerce v Pataki, supra* at 810-811), but also by the implementation of the final regulations on April 27, 2005, which unquestionably supercede both the original and emergency regulations. Thus, the rights of the parties are no longer affected by the original or emergency regulations, and any ruling by this Court regarding the validity of those regulations would have no practical effect and would merely be an impermissible advisory opinion (*see id.* at 811; *Matter of Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO v State of New York,* 229 AD2d 286, 290 [1997], *lv denied* 90 NY2d 807 [1997]).

Moreover, the appeals are moot for two additional reasons. First, challenges to the procedure by which DEC promulgated the original and emergency regulations are no longer viable because DEC's implementation of the final regulations required independent compliance with regulation promulgation procedures (*see* State Administrative Procedure Act §§ 104, 202, 202-a; ECL 3-0301 [2]; 5-0107; *see Matter of Medical Socy. of State of N.Y. v Serio,* 100 NY2d 854, 869-870 [2003]). Second, the challenges to DEC's authority to regulate acid rain deposition on statutory and separation of powers grounds cannot be decided in the context of the original or emergency regulations "because a challenge to a regulation as ultra vires must be determined in the context of the precise regulation and the authorizing legislation" (*Matter of New York State School Bds. Assn. v New York State Bd. of Regents,* 210 AD2d 654, 655 [1994]; *see Matter of Cerniglia v Ambach,* 145 AD2d 893, 895 [1988], *lv denied* 74 NY2d 603 [1989]). The final regulations are substantively different from the original and emergency regulations, and a comprehensive analysis of DEC's authority requires the juxtaposition of the purpose, language and effect of the challenged regulation with DEC's enabling statute. Thus, petitioners' challenges to DEC's authority cannot be considered in the context of the original or emergency regulations, and they have therefore been rendered moot by the implementation of the final ADRP regulations.

Multiple Intervenors' reliance on federal case law in arguing that the cases remain justiciable is inapt, because there is no indication that, having implemented the final regulations, DEC has any desire to reinstate the original or emergency ADRP regulations (*see Cornelius v NAACP Legal Defense & Ed. Fund, Inc.,* 473 US 788, 791 n 1 [1985]; *Maher v Roe,* 432 US 464, 468-469 n 4 [1977]). Moreover, controlling New York authority does not recognize this "desire to reinstate" as an exception to

the mootness doctrine (*see Matter of Hearst Corp. v Clyne, supra* at 714-715).

Further, we conclude that these cases do not fall within the recognized exception to the mootness doctrine (*id.*). While, as petitioners assert, many of the issues raised are novel, substantial and likely to recur, we cannot say that those issues will typically evade review. Indeed, a new proceeding challenging DEC's authority to promulgate the final regulations may now be commenced (*cf. Community Hous. Improvement Program v New York State Div. of Hous. & Community Renewal*, 175 AD2d 905, 907 [1991]). Should appellate review of such a proceeding be similarly frustrated by new promulgations, we might then conclude that the issue of DEC's authority will evade review, but at this time, we are constrained to dismiss all three petitions as moot.

Finally, we decline to vacate Supreme Court's judgment invalidating the original ADRP regulations, as DEC urges us to do. First, DEC has not made a persuasive showing that Supreme Court's judgment will engender adverse legal consequences. Second, the actions of DEC in adopting superceding emergency and final regulations have prevented our review of the judgment that they request us to vacate. To summarize the events and their effect on justiciability, the adoption of emergency regulations following Supreme Court's decision dealt a fatal blow to the live controversy that was presented in proceeding Nos. 1 and 2. The malleability of the emergency regulations, as evidenced by DEC's revision thereof several times during the pendency of these appeals, raised substantial questions about the ripeness of proceeding No. 3. Specifically, the claims addressed to whether DEC's promulgation of the emergency regulations was ultra vires or violative of the separation of powers doctrine could not be addressed because there could be no certainty as to the final form of the emergency regulations and thus, the appropriate context for an evaluation of DEC's authority was lacking. And as we now conclude, DEC's implementation of final ADRP regulations while the appeals were pending superceded the initial and emergency regulations and rendered all of the pending appeals moot. While we attribute no malintent to DEC in undertaking this course of conduct, we nevertheless conclude that vacatur is not appropriate here (*see Matter of Sarbro IX v McGowan*, 271 AD2d 829, 830 [2000]; *cf. Matter of Finkelstein v New York State Bd. of Law Examiners*, 241 AD2d 728, 729-730 [1997]).

Spain, Carpinello and Kane, JJ., concur. Ordered that the appeals in proceeding Nos. 1 and 3 and cross appeals in proceeding No. 2 are dismissed, as moot, without costs.