[918 NE2d 885, 890 NYS2d 373]

In the Matter of TRANSITIONAL SERVICES OF NEW YORK FOR LONG ISLAND, INC., Respondent-Appellant, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Appellants-Respondents.

Argued September 15, 2009; decided October 15, 2009

## APPEARANCES OF COUNSEL

*Andrew M. Cuomo, Attorney General*, New York City (*Benjamin N. Gutman, Barbara D. Underwood* and *Carol Fischer* of counsel), for appellants-respondents.

*Garfunkel, Wild & Travis, P.C.*, Great Neck (*Roy W. Breitenbach* of counsel), and *Law Office of Bruno La Spina*, Brentwood, for respondent-appellant.

*Manatt, Phelps & Phillips, LLP*, Albany (*James W. Lytle* of counsel), for Association for Community Living, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the petition, insofar as it seeks to annul the determination of the New York State Office of Mental Health dated April 19, 2004, dismissed.

Transitional Services of New York for Long Island, Inc. (TSLI) is a private not-for-profit entity that provides housing and care to individuals with mental illness. Pursuant to statute (*see* Mental Hygiene Law §§ 41.38, 41.44), the New York State Office of Mental Health (OMH) works with and provides state aid to entities like TSLI. TSLI commenced this CPLR article 78 proceeding to challenge two OMH determinations.

■■ It is well settled that when an agency acts within its area of expertise in interpreting statutes it is responsible for administering, its construction of those statutes is to be upheld if its decision is not irrational or unreasonable (*see e.g. Matter of Brooklyn Assembly Halls of Jehovah's Witnesses, Inc. v Department of Envtl. Protection of City of N.Y.*, 11 NY3d 327, 334 [2008]). It was not irrational or unreasonable for OMH to determine that, for reimbursement purposes, under the Mental Hygiene Law and the regulations promulgated thereunder (*see* Mental Hygiene Law § 41.38; 14 NYCRR 595.12), the expenses TSLI incurred in leasing residential apartments it used as offices must be accounted for as operating costs rather than as housing costs. The Appellate Division's order to the contrary should be reversed.*

---

\* ■ TSLI cross-appealed from the portion of the Appellate Division order that obligated TSLI to remit the amount of $563,820 to OMH, representing half of the income TSLI received from Medicaid funds above the amount of Medicaid income budgeted for the years 1996 through 2002. However, after TSLI took its cross appeal, OMH waived liability under its turnover policy

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order, insofar as appealed from, reversed, etc.

as to all providers, including TSLI, for the years 1996 through 2002. OMH moved to dismiss the cross appeal for mootness and by motion, decided with this appeal, the cross appeal is being dismissed (13 NY3d 810 [2009] [decided today]). There being no live controversy with respect to the turnover determination challenged, TSLI's cross appeal is moot (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003]).