■ In the Matter of ASSOCIATION FOR COMMUNITY LIVING, INC., et al., Appellants, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [937 NYS2d 743]—

Malone Jr., J.

Petitioners are three not-for-profit providers of community-based residential services for persons with mental illness and two associations that represent the interest of those providers. Respondent Office of Mental Health (hereinafter OMH) licenses and regulates community-based residential service providers and respondent Department of Health (hereinafter DOH), as the administrator of the state's Medicaid program, is involved in Medicaid recoupment efforts.[1] OMH is authorized by statute to provide state aid to residential service providers (see Mental Hygiene Law § 41.11 [c]) and, as such, contracts yearly with each provider to establish an approved operating budget, and then reimburses the provider for approved costs to the extent that those costs are not paid by another source, such as Medicaid. Under certain circumstances, however, a provider may receive more Medicaid income in a year than had been anticipated in the approved budget, which is referred to as Medicaid exempt income. In 1995, OMH issued guidelines pursuant to Mental Hygiene Law § 41.11 (c), which were then incorporated into each provider's contract, providing that OMH would be entitled to recoup half of the provider's Medicaid exempt income.

---

1. The Commissioners of these two agencies are the two other named respondents.

Beginning in 2004, OMH's Medicaid exempt income recoupment policy was subject to litigation (*see Matter of Transitional Servs. of N.Y. for Long Is., Inc. v New York State Off. of Mental Health*, 44 AD3d 673 [2d Dept 2007], *rev in part on other grounds* 13 NY3d 801 [2009]) and, ultimately, as is relevant here, OMH agreed to waive all service providers' obligation to repay Medicaid exempt income for the years 1996 through 2002 and to credit or refund any Medicaid exempt income the providers had already repaid. Thereafter, in July 2009, OMH informed providers that it would seek to recoup Medicaid exempt income that they had received for the years 2003 through 2009.

In November 2009, petitioners commenced this proceeding challenging the recoupment policy, alleging, among other things, that the policy was not authorized by the Mental Hygiene Law or OMH regulations and that OMH had implemented the policy in violation of the State Administrative Procedures Act (hereinafter SAPA). In April 2010, relying on *Matter of Transitional Servs. of N.Y. for Long Is., Inc. v New York State Off. of Mental Health (supra)*, Supreme Court partially dismissed the petition but, pending further submissions of the parties, reserved decision on the issue of whether respondents had improperly implemented the recoupment policy as a guideline—instead of a formal rule or regulation—in violation of the Mental Health Law and SAPA. In June 2010, legislation was enacted that specifically authorized OMH to recoup Medicaid exempt income, including income received by the providers during the years 2003 through 2009 (*see* L 2010, ch 111, part D). Thereafter, in October 2010, although it specifically declined to address or rely on the recently enacted legislation, the court nevertheless dismissed the petition in its entirety, finding, among other things, that Mental Hygiene Law § 41.44 provided sufficient statutory authority for OMH to implement the recoupment policy and that no formal rule or regulation was required. Petitioners appeal.

Petitioners initially contend that Supreme Court erred in dismissing the petition because OMH's Medicaid exempt income recoupment policy lacks statutory or regulatory authority and OMH's reliance on guidelines, rather than a rule or regulation, violates SAPA. However, the enactment of part D of chapter 111 of the Laws of 2010, which expressly confirms OMH's existing authority to recoup Medicaid exempt income (*see* Laws 2010, ch 111, part D, § 1; *see also* Senate Introducer Mem in Support, Bill Jacket, L 2010, ch 111), renders these claims moot (*see Matter of Santora v Town of Poughkeepsie Zoning Bd. of Appeals*, 55 AD3d 741, 742-743 [2008]; *Matter of NRG Energy, Inc. v*

*Crotty*, 18 AD3d 916 [2005]). Although petitioners now contend that the legislation is unconstitutional, inasmuch as they did not move to amend the petition to add such a claim, it is not preserved for appellate review (*see Matter of Alcott Staff Leasing v New York Compensation Ins. Rating Bd.*, 224 AD2d 54, 59 [1996]; *compare Held v State of New York Workers' Compensation Bd.*, 85 AD3d 35 [2011], *appeal dismissed and lv denied* 17 NY3d 837 [2011]).[2] Contrary to petitioners' further contentions, because the purpose of part D of chapter 111 of the Laws of 2010 is specific[3] and the recoupment policy effects the intent of that statute, it is not necessary for OMH to promulgate any formal rules or regulations before enforcing the recoupment policy (*see Matter of Ellis Ctr. for Long Term Care v DeBuono*, 261 AD2d 791, 794-795 [1999], *appeal dismissed and lv denied* 93 NY2d 1037 [1999]).

Finally, petitioners contend that the Medicaid exempt income that OMH seeks to recoup is an "overpayment" and, as such, the providers were entitled to a hearing pursuant to 18 NYCRR 519.4 to assess the validity of the recoupment and to determine the amount each provider owed. We disagree. Although a provider is entitled to a hearing if, among other things, "the repayment of an overpayment or restitution" is demanded (18 NYCRR 519.4), "overpayments" are defined as unauthorized payments resulting from "inaccurate or improper cost reporting, improper claiming, unacceptable practices, fraud, abuse or mistake" (18 NYCRR 518.1 [c]). However, respondents allege that the Medicaid income received by the providers was neither unauthorized nor otherwise improperly disbursed to them (*compare Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health*, 5 NY3d 499 [2005]) and do not at-

---

**2.** Petitioners first raised this argument in a reply affidavit. Even assuming that this did adequately preserve the claim, chapter 111 of the Laws of 2010 enjoys a strong presumption of constitutionality (*see Dalton v Pataki*, 5 NY3d 243, 255 [2005], *cert denied* 546 US 1032 [2005]), and petitioners failed to satisfy their burden of establishing its unconstitutionality beyond a reasonable doubt (*see Catholic Charities of Diocese of Albany v Serio*, 28 AD3d 115, 120 [2006], *affd* 7 NY3d 510 [2006], *cert denied* 552 US 816 [2007]). Notably, we are not convinced that the statute acts to retroactively deprive providers of a vested property right, particularly considering that OMH's intent to recoup Medicaid exempt income was clearly set forth as a term in each provider's approved budget, by which each provider expressly agreed to be contractually bound.

**3.** This chapter provides, in relevant part, that OMH "is authorized to recover funding from community residences . . . licensed by [OMH], consistent with contractual obligations of such providers . . . in an amount equal to 50 percent of the income received by such providers which exceeds the fixed amount of annual Medicaid revenue limitations, as established by the commissioner of mental health" (Laws of 2010, ch 111, part D, § 1).

tempt to recoup the income on that basis. Instead, according to respondents, the basis for the recovery of that income originated in the recoupment policy guidelines adopted by OMH, which, in turn, was incorporated into the yearly budget contracts between OMH and each provider, and ultimately was codified in part D of chapter 111 of the Laws of 2010. Furthermore, respondents claim that the recoupment policy qualifies as a "mass change"— which is defined as "a change initiated by the department or the Legislature which affects all or a significant portion of all providers" (18 NYCRR 519.3 [f]). As respondents note, when a mass change is effected, the providers have no right to a formal hearing (see 18 NYCRR 519.4 [b]). Deferring to OMH's interpretation of these regulations, which we find to be neither unreasonable nor irrational (see *Transitional Servs. of N.Y. for Long Is., Inc. v New York State Off. of Mental Health,* 13 NY3d at 802; *Matter of Gracie Point Community Council v New York State Dept. of Envtl. Conservation,* 92 AD3d 123, 129-130 [2012]), we cannot conclude that the providers were improperly denied a hearing pursuant to 18 NYCRR 519.4.[4]

To the extent not specifically addressed herein, petitioners' remaining contentions have been reviewed and determined to be without merit.

Mercure, A.P.J., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.

4. We note that, even though the providers are not entitled to an administrative hearing to challenge the propriety of the recoupment, in November 2009, they were specifically informed by OMH that they could file an administrative appeal challenging the amount that is claimed by OMH to be owed by them.