In the Matter of WILLIAM HELD JR., as Chair of Contractors Compensation Trust, et al., Appellants, v STATE OF NEW YORK WORKERS' COMPENSATION BOARD et al., Respondents. [961 NYS2d 331]—

Rose, J. Appeal from an amended judgment of the Supreme Court (O'Connor, J.), entered September 20, 2011 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, among other things, vacate certain assessments made pursuant to Workers' Compensation Law § 50 (5).

The relevant facts are more fully set forth in our decision in *Matter of Held v State of New York Workers' Compensation Bd.* (103 AD3d 1063 [2013] [decided herewith]). Briefly, petitioners are group self-insured trusts (hereinafter GSITs) who commenced this proceeding to challenge assessments levied upon them by respondent Workers' Compensation Board pursuant to Workers' Compensation Law § 50 (5) (g). Those assessments are designed to allow the Board to continue to pay the compensation and benefits owed by GSITs that have become insolvent. In this proceeding, petitioners challenge, among other things, the final assessment levied against them for 2008, which was designed to reconcile the quarterly estimated assessments for that year, as well as the assessment for the first quarter of 2010. Supreme Court rejected petition-

ers' claims that the assessments were affected by an error of law or were arbitrary and capricious, resulting in this appeal.\*

Although petitioners claim that the Board was required to promulgate rules and regulations in order to be able to levy the assessments at issue, the relevant subdivision authorizing group self-insurance specifically provides that "no such rules or regulations shall be necessary for any provision of this subdivision to be effective" (Workers' Compensation Law § 50 [3-a] [8]). Moreover, we agree with Supreme Court's determination that Workers' Compensation Law § 50 (5) adequately sets forth the requirements for levying the assessments and "provides an adequate objective, intelligible standard for administrative action" (*Matter of Big Apple Food Vendors' Assn. v Street Vendor Review Panel*, 90 NY2d 402, 408 [1997]; *see Matter of Association for Community Living, Inc. v New York State Off. of Mental Health*, 92 AD3d 1066, 1068 [2012], *appeal dismissed* 19 NY3d 874 [2012], *lv denied* 19 NY3d 815 [2012]).

Contrary to petitioners' argument, the record establishes that the Board complied with these statutory requirements in levying the assessments at issue. The Board credited petitioners for the monies recovered from the defaulted GSITs when the Board received the funds, thus satisfying the statutory requirement that the credit be given "forthwith" (Workers' Compensation Law § 50 [5] [f]). While petitioners also take issue with the Board's interpretation of the requirement that the assessments be apportioned using figures from "the calendar year which ended within the preceding state fiscal year" (Workers' Compensation Law § 50 [5] [c] [2]), the Board has interpreted this phrase to mean the year prior to the date the assessments are issued. Although petitioners suggest a different interpretation, they have not established that the Board's interpretation is irrational, unreasonable, or inconsistent with the purpose of the statute. Accordingly, we find no basis to disturb it (*see e.g. Matter of Selective Ins. Co. of Am. v State of N.Y. Workers' Compensation Bd.*, 102 AD3d 72, 78-79 [2012]; *Matter of Association for Community Living, Inc. v New York State Off. of Mental Health*, 92 AD3d at 1069; *Matter of Ellis Ctr. for Long Term Care v DeBuono*, 261 AD2d 791, 794 [1999], *appeal dismissed* 93 NY2d 1037 [1999]).

As for petitioners' claims that the Board failed to exhaust the Uninsured Employers' Fund (*see* Workers' Compensation Law

---

\* Petitioners successfully challenged certain "pure premium" assessments levied by the Board and, although respondents appealed from that portion of the amended judgment, they have withdrawn their appeal and we need not address it.

§ 50-a [2]) and improperly levied the assessments at issue despite the prior vacatur of similar assessments, they are rejected for the same reasons set forth in the accompanying decision (*Matter of Held v State of New York Workers' Compensation Bd.*, *supra*). We have considered petitioners' remaining contentions and find them to be equally unpersuasive.

Mercure, J.P., Lahtinen and Garry, JJ., concur. Ordered that the amended judgment is affirmed, without costs.