*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 30, 2014                517815
_____

In the Matter of BOARD OF
    EDUCATION OF THE CENTRAL
    ISLIP UNION FREE SCHOOL
    DISTRICT et al.,
        Appellants,

        v                                   MEMORANDUM AND ORDER

DAVID M. STEINER, as
    Commissioner of Education,
    et al.,
                    Respondents.
_____

Calendar Date:   September 11, 2014

Before:  Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

                        _____

        Hamburger, Maxson, Yaffe & McNally, LLP, Melville (David N.
Yaffe of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Robert
Goldfarb of counsel), for respondents.

                        _____

Garry, J.

        Appeal from a judgment of the Supreme Court (Melkonian,
J.), entered January 30, 2013 in Albany County, which, in a
combined proceeding pursuant to CPLR article 78 and action for
declaratory judgment, among other things, dismissed the
petition/complaint.

        At a special meeting of petitioner Central Islip Union Free
School District (hereinafter the District) in June 2000, voters
authorized petitioner Board of Education of the Central Islip

Union Free School District to undertake renovation projects in several of the District's buildings and to levy taxes and issue bonds to finance the total construction cost of approximately $54 million. The undertaking was planned to take advantage of a statutory 10% enhancement in state aid that was available at that time for certain school building projects. Respondent Department of Education (hereinafter DOE) thereafter approved plans and specifications submitted by the Board and issued building permits for the projects. The Board then executed construction contracts and filed "request for building project data" (hereinafter SA-139) forms with DOE that, among other things, provided estimated costs for each project. Under Education Law former § 3602, DOE was authorized to begin paying amortized building aid upon receiving these SA-139 forms or 18 months after issuing building permits, whichever was later (see Education Law § 3602 [6] [e] [3] [former (b)]). DOE began making such payments during the 2002-2003 school year. Construction proceeded, and the projects reached substantial completion between September 2003 and May 2004. The District was required by regulation to file final cost reports for the projects by the later of June 30 of the school year in which the certificates of substantial completion were issued or six months after the certificates were issued – that is, by the end of 2004 at the latest (see 8 NYCRR 155.2 [e] [1]). For reasons not clearly revealed in the record, no such final cost reports were filed until June 2008. DOE excused the late filing as to one project but, as to the others, discontinued the apportioned payments and sought to recoup the aid apportionments that had already been paid.[1]

In 2011, petitioners commenced the present combined CPLR article 78 proceeding and action for declaratory judgment against DOE and respondent Commissioner of Education seeking, among other

---

[1] DOE is authorized to grant extensions when a school district establishes that timely submission of a final cost report was prevented by circumstances beyond its control, but determined here that the District had failed to establish such circumstances for all but one of the projects (see 8 NYCRR 155.2 [e] [2]).

things, to annul DOE's determination. While this matter was pending, the Legislature enacted amnesty legislation that, in effect, directed DOE to restore most of the aid that had originally been awarded (see L 2012, ch 57, part A, § 31 [a]). Supreme Court thereafter dismissed the combined proceeding and action as moot. Petitioners appeal.

The underlying dispute distills to what is deemed to constitute a "claim" as required for the Commissioner to certify payments of apportionments of state education aid within the applicable limitation periods (see Education Law § 3604 [5] [a]; 8 NYCRR 175.10 [a] [2], [3]; [b]; see also 8 NYCRR 155.2 [e] [1]). DOE contends that the District's final cost reports constituted claims for payment within the meaning of these provisions, that the limitations period for all of the reports expired, at the latest, in June 2006 — depending on the dates of the respective certificates of substantial completion — and that the District's failure to file the final cost reports within the limitations period precluded the Commissioner from certifying the projects or paying any aid. Petitioners contend that the SA-139 forms that they timely filed at the inception of the project were the "claims" referred to in these provisions, and that the statutory and regulatory requirements were thus fulfilled when DOE accepted and approved the SA-139 forms, issued building permits thereon and began making apportioned aid payments.

We agree with Supreme Court that, as a consequence of the subsequent enactment of the 2012 amnesty legislation, we cannot now reach the merits of these competing arguments. Judicial power is limited to active controversies, such that a court is effectively deprived of jurisdiction when a matter is rendered moot by changed circumstances (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]; Matter of Cerniglia v Ambach, 145 AD2d 893, 894 [1988]), lv denied 74 NY2d 603 [1989]). Here, the amnesty legislation "ratified and validated" the actions and omissions of any school district that failed to file timely final cost reports for otherwise-eligible school construction projects, so long as the reports were filed — as they were here — by December 31, 2012 (L 2012, ch 57, part A, § 31 [a]). Upon such filing, DOE is directed to pay apportioned aid to the affected district in full,

except for a penalty for the late filing that is calculated as a percentage reduction based on the lateness of the filing in relation to the useful life of the project (see L 2012, ch 57, part A, § 31 [c]).

Petitioners fall squarely within the ambit of this legislation, as their aid had been withheld because of the failure to file timely final cost reports, and the reports were later filed before the qualifying date of December 31, 2012. Accordingly, DOE must pay the apportioned aid to petitioners, less the penalty, without regard to whether it was previously correct in withholding the aid; petitioners' aid must be reduced by the amount of the penalty — approximately $5.46 million — without regard to whether they were previously correct that the aid should not have been withheld. Further, contrary to petitioners' contention, the reduction in aid resulting from the penalty does not directly affect their rights as a consequence of the determination of this matter, and thus does not preclude a determination that the matter is moot. The express language of the amnesty legislation bases the penalty not upon the alleged failure to submit timely claims that previously formed the ground for DOE's refusal to pay, but instead upon petitioners' undisputed delay in filing the final cost reports. Petitioners now contend that they should be relieved from the penalty on grounds of fairness because DOE's previous position was incorrect, but this Court cannot address that contention and cannot disregard the express direction contained in the amnesty legislation (see Matter of Cerniglia v Ambach, 145 AD2d at 894).[2] Accordingly, an adjudication of the parties' dispute would have no effect on their rights and obligations, and Supreme Court properly determined that the matter is moot (see Matter of Association for Community Living, Inc. v New York State Off. of Mental Health, 92 AD3d 1066, 1067-1068 [2012], lv dismissed 19

_____

[2] Notably, petitioners did not seek leave to amend the petition/complaint to request a judgment declaring the penalty provision unconstitutional or invalid, nor did they raise any other direct challenge to the penalty's validity (see CPLR 3025 [b]; compare Matter of New York State School Bds. Assn. v New York State Bd. of Regents, 210 AD2d 654, 655 [1994]).

NY3d 874 [2012]; <u>Ryan, Inc. v New York State Dept. of Taxation & Fin.</u>, 83 AD3d 482, 483 [2011], <u>lv denied</u> 17 NY3d 707 [2011]; <u>New York Pub. Interest Research Group v Regan</u>, 91 AD2d 774, 774-775 [1982], <u>lv denied</u> 58 NY2d 610 [1983]; <u>see also</u> <u>Matter of NRG Energy, Inc. v Crotty</u>, 18 AD3d 916, 918-919 [2005]; <u>Matter of Spano v Wing</u>, 285 AD2d 809, 811 [2001]).

Petitioners do not contend that the exception to the mootness doctrine is applicable (<u>see generally</u> <u>Matter of Hearst Corp. v Clyne</u>, 50 NY2d 707, 714 [1980]).  Nonetheless, it bears noting that the issues presented here will not recur, as the Education Law has been amended to provide that DOE may not pay apportioned aid for building projects approved after July 1, 2011 until either 18 months after such approval or receipt by DOE of the certificate of substantial completion and final cost report, whichever is later (<u>see</u> Education Law § 3602 [6] [e] [3] [b], as amended by L 2011, ch 97, part C, subpart F, § 4).

Peters, P.J., Lahtinen, Stein and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court