Owner Operator Ind. Drivers Assn., Inc. v Karas (2020 NY Slip Op 06319)





Owner Operator Ind. Drivers Assn., Inc. v Karas


2020 NY Slip Op 06319


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

528358

[*1]Owner Operator Independent Drivers Association, Inc., et al., Appellants,
v
Paul A. Karas, as Acting Commissioner of Transportation, et al., Respondents.

Calendar Date: September 10, 2020

Before: Garry, P.J., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Tabner, Ryan & Keniry, LLP, Albany (Thomas R. Falatti of counsel) and The Cullen Law Firm, PLLC, Washington, DC (Gregory R. Reed of counsel, admitted pro hac vice), for appellants.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondents.



Clark, J.
Appeals (1) from an order and judgment of the Supreme Court (Platkin, J.), entered December 31, 2018 in Albany County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered April 3, 2019 in Albany County, which denied plaintiffs' motion to renew.
In accordance with federal law, the Federal Motor Carrier Safety Administration (hereinafter FMCSA) establishes and enforces federal safety standards for commercial motor vehicles (hereinafter CMVs) and their operators. The FMCSA enforces its regulations in partnership with states participating in the Motor Carrier Safety Assistance Program, through which states receive grant funding in exchange for adopting FMCSA regulations into state law and assisting in their enforcement (see 49 USC § 31102; 49 CFR 350.101, 350.209, 350.211). New York is a participant in the Motor Carrier Safety Assistance Program and incorporates the required federal regulations into the regulations promulgated by the Department of Transportation (see 17 NYCRR part 820). In New York, the Department of Transportation, assisted by the Department of Motor Vehicles and the State Police, is primarily responsible for enforcing the CMV rules for CMVs and overseeing a roadside safety program.
Among other safety requirements, the FMCSA and participating states regulate a CMV operator's maximum number of driving service hours (see 49 CFR part 395). To that end, state and federal laws require CMV operators to record their hours of service and rest time, as well as other relevant data, and to produce such records for inspection upon demand by state law enforcement (see 49 USC 31142 [d]; Transportation Law § 140 [2] [b]; 17 NYCRR 820.12 [a]). Driver logs with hours of service data and duty status were previously documented on paper records or by automatic on-board recording devices (see 49 CFR former 395.8 [a]). However, in 2012, Congress passed legislation requiring the installation of electronic logging devices (hereinafter ELDs) on CMVs involved in interstate commerce and operated by drivers subject to the hours of service and record of duty status requirements (see 49 USC § 31137 [a]). Using GPS and engine integration, ELDs automatically record data, such as the date, time and the general location of the CMVs and the number of engine hours and vehicle miles. In 2015, the FMCSA promulgated the final ELD rule, which, subject to certain exceptions, required that ELDs be installed and in use by December 18, 2017 (see 49 CFR 395.8, 395.15, 395.22, 395.24).
In January 2018, prior to New York's incorporation of the federal ELD rule, plaintiff Owner Operator Independent Drivers Association, Inc., a not-for-profit corporation whose members own and operate CMVs, together with four individuals who own and operate CMVs in this state, commenced this class action against defendants — state officials at the Department of Transportation, the Department of Motor Vehicles and the State Police. Plaintiffs alleged that defendants were enforcing the ELD rule prior to its incorporation into state law, asserted that such enforcement violated plaintiffs' rights to due process and to be free from unreasonable searches and seizures under the NY Constitution, and sought declaratory and injunctive relief prohibiting defendants' preadoption enforcement of the ELD rule. Defendants moved, pre-answer, to dismiss the complaint, arguing, as relevant here, that plaintiffs' claims were unripe for review because the ELD rule had not been, and would not be, enforced prior to its adoption into state law. Supreme Court notified the parties of its intention to treat the motion as one for summary judgment, and the parties entered into stipulations allowing for paper discovery and the submission of supplemental briefs. Following the completion of paper discovery, defendants filed a supplemental submission on their motion, and plaintiffs cross-moved for summary judgment on their second and third causes of action.
In an order and judgment entered in December 2018, Supreme Court declared that defendants were not enforcing the ELD rule in violation of the NY Constitution and, consequently, granted defendants summary judgment dismissing the complaint and denied plaintiffs' cross motion (62 Misc 3d 909 [Sup Ct, Albany County 2018]). In so doing, Supreme Court found that defendants' proof had established as a matter of law that they were not enforcing the ELD rule prior to its incorporation into state law and that the prohibition against unreasonable searches and seizures was not violated by the roadside inspection of ELDs for the sole purpose of ensuring compliance with preexisting hours of service requirements.
Thereafter, New York adopted the ELD rule as an emergency measure,[FN1] with an effective date of January 16, 2019. Based upon the newly adopted emergency ELD rule, plaintiffs moved pursuant to CPLR 2221 for leave to renew their opposition to defendants' motion and, upon renewal, for an order vacating Supreme Court's December 2018 order and judgment and directing the parties to brief the implications of the emergency adoption of the ELD rule. By order entered in April 2019, Supreme Court denied plaintiffs' renewal motion, finding that New York's emergency adoption of the ELD rule would not have altered its judgment in any respect. Plaintiffs appeal from Supreme Court's 2018 order and judgment, as well as its April 2019 order.
We agree with defendants that plaintiffs' appeal from the December 2018 order and judgment has been rendered moot by New York's adoption of the ELD rule. "It is well settled that a court's jurisdiction extends only to live controversies and, thus, 'an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment'" (Matter of NRG Energy, Inc. v Crotty, 18 AD3d 916, 918 [2005], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Here, despite plaintiffs' attempt to recast their claims on appeal, a close reading of the complaint reveals that plaintiffs solely raised challenges related to defendants' alleged enforcement of the ELD rule prior to its incorporation into state law. Given that the ELD rule has been adopted by New York, preadoption enforcement of the ELD rule is no longer feasible. Thus, adjudication of the particular issues raised in plaintiffs' complaint would have no practical effect upon the rights of the parties (see Matter of NRG Energy, Inc. v Crotty, 18 AD3d at 918-919). Indeed, an injunction prohibiting defendants' preadoption enforcement of the ELD rule would prohibit conduct that is no longer possible and a declaration on the constitutionality of such purported enforcement would amount to an impermissible advisory opinion. Accordingly, because the issues raised by plaintiffs' appeal of the December 2018 order and judgment are moot and the circumstances do not warrant invocation of the exception to the mootness doctrine, we dismiss plaintiffs' appeal from that order and judgment (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]; Matter of Hearst Corp. v Clyne, 50 NY2d at 714; Matter of NRG Energy, Inc. v Crotty, 18 AD3d at 918-919).
As for plaintiffs' appeal from the April 2019 order, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]). We agree with Supreme Court that, because plaintiffs' complaint was limited to challenging defendants' preadoption enforcement of the ELD rule, adoption of the emergency ELD rule into state law was not new evidence or a change in the law that would alter the prior determination (see CPLR 2221 [e] [2]). We therefore discern no basis upon which to disturb Supreme Court's denial of plaintiffs' motion for leave to renew.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal from the order and judgment entered December 31, 2018 is dismissed, as moot, without costs.
ORDERED that the order entered April 3, 2019 is affirmed, without costs.



Footnotes

Footnote 1: To comply with the requirements of the Motor Carrier Safety Assistance Program, New York had three years to incorporate the ELD rule into state law.