Matter of Woodley v Poole (2024 NY Slip Op 01899)

Matter of Woodley v Poole

2024 NY Slip Op 01899

Decided on April 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 09, 2024

Before: Webber, J.P., Moulton, Kennedy, Rodriguez, O'Neill Levy, JJ. 

Index No. 452183/22 Appeal No. 2000 Case No. 2023-02042 

[*1]In the Matter of Margo Woodley, Appellant,
v
Sheila J. Poole etc., et al., Respondents.

Brooklyn Defender Services, Brooklyn (Ava Cilia of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for Administration for Children's Services, respondent.
Letitia James, Attorney General, New York (Elizabeth A. Brody of counsel), for Sheila J. Poole, respondent.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered March 27, 2023, which denied the petition to annul a determination of respondent, the New York State Office of Children and Family Services (OCFS), dated March 24, 2022, denying petitioner's request to amend and seal her record in the Statewide Central Register of Child Abuse and Maltreatment (SCR), and dismissed the proceeding brought pursuant to CPLR article 78, unanimously modified, on the law, to dismiss the petition as against Administration for Children's Services (ACS), and otherwise affirmed, without costs. 
The Social Services Law (SSL) creates a two-step administrative appeals process for challenging a local agency's finding that a report of child abuse or maltreatment is "indicated," or substantiated. First, OCFS conducts an "administrative review" of the local agency's investigative records to determine whether it should amend the report to unfounded. Second, if OCFS does not amend the report, OCFS refers the subject of the report to a "fair hearing" for an administrative law judge (ALJ) to determine whether the report's allegations are supported by a fair preponderance of the evidence and, if so, whether they are "relevant and reasonably related to employment" or licensure in a regulated childcare field (Social Services Law §§ 422[8][a][i]-[b][ii]).
Effective January 1, 2022, amendments to the SSL require OCFS to stay the administrative appeal process pending the resolution of any article 10 Family Court proceedings arising from the same allegations and, where those proceedings terminate in a subject's favor, create an "irrebuttable presumption in a fair hearing" that the allegations have not been proven by a fair preponderance of the evidence (id. at §§ 422[8][a][ii], [b][ii]). The legislature authorized OCFS to promulgate "any rule or regulation necessary for the implementation" of the amendments (L 2020, ch 56, part R, § 11). OCFS issued an administrative directive stating that "the new irrebuttable presumptions will not be applied retroactively to appeals completed prior to January 1, 2022" (OCFS, Admin. Directive No. 21-OCFS-ADM-33, Changes to Admin. Appeals Challenging Indicated Reports of Child Abuse and Maltreatment 4, 7 [Dec. 23, 2021])
Petitioner sought administrative review in November 2020. In December 2020, OCFS denied her relief at the administrative review stage and referred her for a fair hearing. In May 2021, an article 10 neglect petition in Family Court arising from the same allegations was dismissed. Petitioner's fair hearing was held in February and March 2022. The ALJ determined that the newly effective irrebuttable presumption did not apply because petitioner's administrative appeal commenced before the amendments' effective date. The ALJ then found that the report's allegations were supported by a fair preponderance of the evidence and were related to childcare employment or licensure. As a result, the report remains [*2]indicated on the SCR.
OCFS's determination not to apply the irrebuttable presumption at petitioner's fair hearing was "not irrational or unreasonable" (Matter of Transitional Servs. of N.Y. for Long Is., Inc. v New York State Off. of Mental Health, 13 NY3d 801, 802 [2009]). This Court has held that the 2022 SSL amendments do not apply retroactively (Matter of Jeter v Poole, 206 AD3d 556, 558 [1st Dept 2022], lv granted 39 NY3d 911 [2023]). OCFS's interpretation of the presumption not to apply in fair hearings where the agency completed its administrative review prior to the amendments' effective date is consistent with Social Services Law § 422(8)'s cohesive two-step administrative appeals process, which requires staying the entire appeal pending the outcome of Family Court proceedings and makes the availability of a fair hearing dependent on the outcome of the first stage (see SSL § 422[8][a][i]-[b][i]).
Contrary to petitioner's argument, the statutory directive that the irrebuttable presumption shall apply "in a fair hearing" does not unambiguously signal a legislative intent to apply the presumption in administrative appeals that commenced prior to the amendments' effective date, as that language mirrors the statute's existing text creating an irrebuttable presumption against the subject where a Family Court finds abuse or neglect (Social Services Law § 422[8][b][ii]). A prior version of the statute specified that its provisions would apply at "a fair hearing held on or after" that version's effective date (former Social Services Law § 422[8][c][ii]). The absence of similar language in the 2022 amendments suggests that the legislature did not intend to identify the fair hearing date as the determinative moment for purposes of the applicability of the new rule.
Where, as here, an agency is "charged with the responsibility for administration of a statute" and its interpretation of the statute "involves knowledge and understanding of underlying operational practices" and is "not irrational or unreasonable," that interpretation is entitled to deference (Matter of Lighthouse Pointe Prop. Assoc. LLC v New York State Dept. of Envtl. Conservation, 14 NY3d 161, 176 [2010] [internal quotation marks omitted]).
As only OCFS's determination is at issue, the petition is dismissed as to ACS. We note that petitioner does not object to ACS's dismissal on this ground.
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 9, 2024