■ In the Matter of SUELLEN PARKER, Respondent, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Appellant, et al., Respondent. [606 NYS2d 91] —Casey, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered August 25, 1992 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Commissioner of Social Services denying petitioner's request to expunge a report in the State child abuse register.

At issue on this appeal is whether Supreme Court was authorized to grant petitioner an award of counsel fees and expenses in the amount of $4,500. Petitioner maintains that authority for the award can be found in CPLR article 86. Respondent State Department of Social Services (hereinafter respondent) contends that petitioner cannot be considered a "prevailing party" within the meaning of CPLR 8602 (f) until the de novo hearing ordered by Supreme Court has been held and petitioner prevails in whole or in substantial part in that proceeding. We conclude that regardless of whether petitioner was a "prevailing party", the award was improper. Pursuant to CPLR 8601 (b), a party seeking an award must, within 30 days of final judgment, submit an application which contains certain information. Petitioner submitted no such postjudg-

ment application. In fact, petitioner made no request for counsel fees. The only mention of counsel fees and expenses is contained in petitioner's affidavit, which claims prejudice from respondent's inability to produce the transcript of the original administrative hearing and seeks to expunge the administrative record instead of a remittal for the de novo hearing requested by respondent. In the absence of compliance with the procedural requirements of CPLR article 86, an award of counsel fees and expenses was improper.

Weiss, P. J., Mercure, White and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by deleting so much of the second decretal paragraph therein as conditioned the remittal for a de novo hearing on the payment of $4,500 to petitioner, and, as so modified, affirmed.