■ In the Matter of BRENDA EVANS, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH, Respondent. [651 NYS2d 233]—Yesawich Jr., J. Appeal from an order of the Supreme Court (Tor-

raca, J.), entered March 6, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as moot.

In October 1995, the Civil Service Commission ordered petitioner reinstated to her employment position, from which respondent, her employer, had removed her in 1992 pursuant to Civil Service Law § 72. When respondent thereafter disputed petitioner's claim that she was entitled to the full salary and benefits she would have earned in the interim, petitioner commenced this proceeding to, *inter alia*, compel payment in full.

Several days later, respondent's Director of Human Resources—who avers that the decision to grant petitioner the relief at issue had been made, and steps to implement that decision had been taken, before the petition was filed—notified petitioner that she would receive the back salary and accrued leave she sought, and that the documents concerning her section 72 proceeding would be expunged from her records. Petitioner received $54,764.97 in back pay, less deductions, on December 13, 1995, and was advised that her retirement service credit would be adjusted appropriately. Given the foregoing, respondent, reasoning that it had taken all steps within its control to provide petitioner with the relief she seeks, moved to dismiss the petition as moot. The motion was granted and petitioner appeals.

We affirm. Petitioner does not deny receiving the back pay and benefits respondent claims to have accorded her; rather, in an effort to demonstrate that this matter is not moot, she contends that her leave credits were improperly calculated; that it is "unclear" that the salary payment made was accurately computed; that a "detailed accounting" of respondent's calculations should be furnished; that she should be reimbursed for amounts deducted from her pay for parking privileges, which she was unable to use while suspended from her position; and that she should be awarded the counsel fees incurred to bring this proceeding. Finally, she complains that she has not received documentation confirming the restoration of her retirement benefits.

Petitioner has, however, proffered nothing of an evidentiary nature to counter respondent's prima facie showing that she has been afforded all the relief that it is empowered to provide, including full back salary (petitioner's assertion that the amount paid was inaccurate is wholly conclusory and without evidentiary support), and the correct amounts of leave credit, as established by the controlling union contract (*cf., May v*

*Shaw,* 92 Misc 2d 140, 143). Her attempt to raise a question as to the propriety of respondent's interpretation, or application, of the governing contractual provisions is unavailing, for there ·is no record evidence that she has not been placed in the same position, vis-à-vis leave credits and compensation, as she would .have been had she not been involuntarily suspended (*cf., Matter of Civil Serv. Empls. Assn. v Clinton County Dept. of Pub. Health,* 169 AD2d 970, 971). Nor has petitioner tendered anything to refute respondent's assertions that it is unable to grant the relief she seeks with respect to parking fees, and that it has done everything within its power to assure that she will receive, for retirement purposes, the full amount of service credit to which she is entitled.

Petitioner's contention that the issues raised herein should be addressed despite their mootness is also unpersuasive (*see, e.g., Matter of Cerniglia v Ambach,* 145 AD2d 893, 895, *lv denied* 74 NY2d 603), as is her suggestion that respondent's motion to dismiss was not timely served (*see,* General Construction Law § 25-a [1]; *Matter of Jones v Coughlin,* 125 AD2d 883). And, inasmuch as petitioner did not comply with the procedural requirements for an award of counsel fees pursuant to CPLR article 86, her request therefor cannot be considered (*see,* CPLR 8601; *Matter of Parker v New York State Dept. of Social Servs.,* 199 AD2d 928, 928-929).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.