■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v TIG INSURANCE COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Respondent and PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant. SEVILLE WATCH CORP. et al., Third-Party Defendants-Respondents. [880 NYS2d 295]—In an action for a judgment declaring the priority of insurance coverage obligations with respect to an automobile accident, the defendant Progressive Casualty Insurance Company appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 18, 2007, as granted the motion of the defendants third-party plaintiffs TIG Insurance Company and Luxury Cars of Bayside, Inc., for summary judgment to the extent of finding that TIG Insurance Company has no coverage obligation if other insurance is available, (2), as limited by its brief, from so much of an order of the same court also dated September 18, 2007, as granted the cross motion of the defendant third-party defendant Benny Shabtai and the third-party defendant Seville Watch Corp. for summary judgment to the extent of determining that

Progressive Casualty Insurance Company coverage shall be primary and that the coverage provided by the third-party defendant Hanover Insurance Company and the plaintiff, State Farm Mutual Automobile Insurance Company, shall be concurrent, (3), by permission, from an order of the same court also dated September 18, 2007, which conditionally granted the cross motion of Hanover Insurance Company for summary judgment pending determination of a framed-issue hearing on the issue of permissive use, and (4), by permission, from an order of the same court also dated September 18, 2007, which denied its cross motion for summary judgment declaring it has no coverage obligation and directed a framed-issue hearing on the issue of permissive use.

Ordered that the appeals are dismissed as academic, without costs or disbursements.

"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713 [1980]). Courts are prohibited from rendering advisory opinions and "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 810-811 [2003]; *Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809 [2008]).

In the orders appealed from, the Supreme Court, in effect, determined the priority of coverage in the event that the driver of the subject vehicle was determined to be a permissive driver at the time of the accident. After these appeals were taken, the Supreme Court (Sunshine, J.H.O.), in an order dated August 3, 2008, determined that the driver of the vehicle was not a permissive driver at the time of the accident. No party has appealed from that order and the time to do so has expired. Accordingly, the instant appeals have been rendered academic and must be dismissed (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 810-811; *Funderburke v New York State Dept. of Civ. Serv.*, 49 AD3d 809 [2008]). Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.