=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 82
The People &c. ex rel. Bourlaye T.,
            Appellant,
        v.
William J. Connolly, &c.,
            Respondent.



        Ana Vuk-Pavlovic, for appellant.
        Jason Harrow, for respondent.



MEMORANDUM:

        The order of the Appellate Division should be affirmed,
without costs.

        In 1988, petitioner, a foreign national, pleaded guilty
to attempted murder in the second degree, rape in the first

- 1 -

degree, sexual abuse in the first degree, burglary in the first degree, and attempted burglary in the second degree. He was sentenced to a prison term of 12 to 36 years.

After serving approximately 25 years in prison, petitioner was conditionally released from the custody of the New York State Department of Corrections and Community Supervision (DOCCS) and placed in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) for deportation from the United States.[1] Contemporaneously, he began serving a term of parole under the supervision of the New York State Division of Parole. In December 2012, petitioner was released to federal immigration parole after federal officials were unable to procure the necessary documentation to deport him.[2] Following his release, petitioner was taken into custody by state parole officers and transported to a state correctional facility, despite the fact that there were no allegations that he had violated a condition of his parole.

In January 2013, petitioner commenced this proceeding pursuant to CPLR article 70 seeking a writ of habeas corpus, contending that he was being confined unlawfully. On the same day, the State filed a civil management petition pursuant to

---

[1] ICE could not deport petitioner any earlier, as federal law prohibits the removal of incarcerated aliens (see 8 USC § 1231 [a] [4]).

[2] In the event ICE is unable to deport an alien after six months of post-removal order detention, he must be released on a form of parole supervision (see Zadvydas v Davis, 533 US 678, 701 [2001]).

Mental Hygiene Law article 10 and received judicial authorization to temporarily retain petitioner in custody pending a probable cause hearing.  Following the hearing, the court found probable cause to believe that petitioner was a "sex offender requiring civil management" (Mental Hygiene Law § 10.06 [k]) and directed that he be committed to a secure treatment facility pending trial.

The State moved to dismiss the habeas proceeding on the ground that it had been rendered moot by the entry of the probable cause order, which allowed the State to detain petitioner pending trial.  Supreme Court granted the State's motion and dismissed the proceeding.  The Appellate Division affirmed (see 119 AD3d 825 [2d Dept 2014]).

Petitioner argues that Supreme Court wrongfully denied and dismissed as moot his petition for a writ of habeas corpus because he remains in State custody pursuant to an illegal arrest.  He also contends that the illegal arrest rendered the article 10 proceeding against him jurisdictionally void, and, therefore, cannot justify his continued incarceration.  While the State does not defend as lawful the procedure utilized for petitioner's initial return to custody, it maintains that the issue is insignificant because the probable cause order provides an independent and superseding basis for his confinement.

As noted by the State, petitioner's habeas petition challenges only his initial arrest and detention.  Since

petitioner is currently being held pursuant to the probable cause order, the initial detention no longer serves as the authority for his continuing confinement.  Therefore, the issue raised in this habeas proceeding is academic (see Matter of Hearst Corp. v Clyne, 50 NY2d 707 [1980]).

Nor does this appeal present a question that would warrant our application of an exception to the mootness doctrine. The State articulated that it has since corrected its practices relating to the commencement of civil commitment proceedings against sex offenders facing deportation.  Furthermore, the article 10 proceeding itself is the proper forum for petitioner to challenge the validity of the probable cause order and the underlying article 10 petition (see Mental Hygiene Law §§ 10.06-10.08, 10.13).

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order affirmed, without costs, in a memorandum.  Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided June 4, 2015