■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MCCLELLAN, JR., Appellant. [63 NYS3d 283]—Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered August 8, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]), and that valid waiver forecloses defendant's challenge to the severity of his sentence (*see id.* at 255; *see generally People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES B., Appellant, v DEBORAH MCCULLOCH, Executive Director, Central New York Psychiatric Center, Respondent. [64 NYS3d 809]—

Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (David A. Murad, J.), entered April 19, 2016 in a habeas corpus proceeding. The judgment, among

other things, denied petitioner's application to proceed as a poor person and directed the dismissal of the petition if petitioner failed to reimburse the county clerk the filing fees for the habeas corpus petition within 120 days.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, who is involuntarily confined pursuant to Mental Hygiene Law article 10, commenced this proceeding seeking a writ of habeas corpus, and he sought poor person relief. Respondent contended in response to the habeas corpus petition that such relief was not appropriate because petitioner had other adequate remedies, i.e., Mental Hygiene Law article 10 proceedings. Supreme Court agreed with respondent that there was no reason to depart from the traditional orderly proceedings as set forth in Mental Hygiene Law article 10, including the right to annual reviews, and the court thus denied petitioner's application to proceed as a poor person because he failed to show that he had a claim with arguable merit (see *Jefferson v Stubbe*, 107 AD3d 1424, 1424 [4th Dept 2013], *appeal dismissed and lv denied* 22 NY3d 928 [2013]). The court ordered petitioner to reimburse the county clerk the filing fees for the habeas corpus petition within 120 days of the date of its order and, if payment of the fees was not made by petitioner within that time, the habeas corpus proceeding would be dismissed on that date without further order of the court. Petitioner did not pay the filing fees.

Initially, we reject respondent's contention that the appeal should be dismissed because it is an appeal from an ex parte order denying permission to proceed as a poor person, and no appeal lies from an ex parte order (see generally *Sholes v Meagher*, 100 NY2d 333, 335 [2003]). This appeal also encompasses the dismissal of petitioner's habeas corpus petition, for which notice to respondent was not required (see CPLR 7002 [a]; *People ex rel. Pierce v Hogan*, 92 AD3d 1230, 1230 [4th Dept 2012], *lv denied* 19 NY3d 803 [2012]; cf. *People ex rel. De Capua v Lape*, 17 AD3d 1041, 1041-1042 [4th Dept 2005]). We therefore conclude that the appeal should not be dismissed.

Contrary to petitioner's contention, however, the court did not abuse its discretion in denying his application to proceed as a poor person because the habeas corpus petition "does not have 'arguable merit' " (*Jefferson*, 107 AD3d at 1424). Petitioner's challenges to the probable cause hearing are moot inasmuch as petitioner is currently being held pursuant to the most recent order entered on annual review (see *People ex rel. Bourlaye T. v Connolly*, 25 NY3d 1054, 1056 [2015]). Petitioner's

remaining challenges are that he was deprived of due process because there is insufficient proof that he has a mental abnormality and the diagnosis of paraphilia NOS is not a valid diagnosis. We agree with the court that "the article 10 proceeding itself is the proper forum for petitioner to challenge the validity of the . . . underlying article 10 petition" (*id.*). Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.