People ex rel. Ross v Stanford (2020 NY Slip Op 03581)





People ex rel. Ross v Stanford


2020 NY Slip Op 03581


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

529529

[*1]The People of the State of New York ex rel. Ezikel Ross, Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, et al., Respondents.

Calendar Date: May 22, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Ezikel Ross, Stormville, appellant pro se.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondents.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Ellis, J.), entered May 22, 2019 in Franklin County, which, in a proceeding pursuant to CPLR article 70, granted respondents' motion to dismiss the petition.
In 2008, petitioner was sentenced to a combined prison term of seven years followed by five years of postrelease supervision (hereinafter PRS) upon convictions for sexual abuse in the first degree and assault in the second degree. In March 2015, following the completion of his prison term, he was released to the residential treatment facility at Fishkill Correctional Facility to begin serving his term of PRS (see Correction Law § 73). Thereafter, he was charged by the Department of Corrections and Community Supervision (hereinafter DOCCS) with various violations of the conditions of his PRS.
Following a revocation hearing, an Administrative Law Judge issued a decision, order and judgment in October 2017, sustaining several of the charges, revoking petitioner's PRS, and ordering him to serve the remainder of his PRS term in the custody of DOCCS. In November 2017, petitioner filed a notice of administrative appeal. In December 2017, the Board of Parole Appeals Unit sent a letter to petitioner advising him that his notice of appeal had been accepted and that he was required to perfect the appeal by submitting a supportive brief before a specified deadline in April 2018.[FN1] Petitioner did not timely perfect his appeal, and the Appeals Unit thus dismissed it in May 2018.
In November 2018, petitioner commenced this habeas corpus proceeding pursuant to CPLR article 70 challenging the revocation of his PRS and seeking to be returned to the residential treatment facility for the remainder of his PRS term. Respondents moved to dismiss the petition for failure to exhaust administrative remedies. Supreme Court granted the motion and dismissed the petition. Petitioner appeals.
In February 2020, petitioner reached the maximum expiration date of his PRS term. This Court has been advised that he nevertheless remains in DOCCS custody pursuant to a separate Mental Hygiene Law article 10 proceeding seeking his civil confinement as a dangerous sex offender. Under these circumstances, he is no longer incarcerated pursuant to the judgment that he challenges in this appeal. The article 10 proceeding, rather than this appeal, is the proper forum for any challenge that he may have to his current confinement (see People ex rel. Bourlaye T. v Connolly, 25 NY3d 1054, 1056 [2015]). The relief that petitioner seeks herein — that is, to be returned to the residential treatment facility to complete his term of PRS — is no longer available. As his current confinement cannot be altered by the resolution of the issues presented here, we decline respondents' request to convert this appeal to a proceeding pursuant to CPLR article 78 (see CPLR 103 [c]; compare People ex rel. Turner v Sears, 63 AD3d 1404, 1405 [2009]), and find that the appeal must be dismissed as moot (see People ex rel. Bourlaye T. v Connolly, 25 NY3d at 1056; People ex rel. Kearney v Bartlett, 131 AD3d 1313, 1314 [2015]; People ex rel. Engel v LaClair, 60 AD3d 1263, 1263 [2009]).
Lynch, Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: Petitioner asserts that, on an earlier date in December 2017, he received a letter from the Board of Parole Appeals Unit advising him that his notice of administrative appeal was untimely and that the appeal was closed. Respondents assert that this letter cannot be located in their records, and petitioner does not claim that he did not receive the subsequent letter advising him to the contrary.