Matter of Lasko v Board of Educ. of the Watkins Glen Cent. Sch. Dist. (2021 NY Slip Op 06899)





Matter of Lasko v Board of Educ. of the Watkins Glen Cent. Sch. Dist.


2021 NY Slip Op 06899


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

532272
[*1]In the Matter of Jeanette Lasko, as President of the Watkins Glen Faculty Association, et al., Appellants,
v
Board of Education of the Watkins Glen Central School District et al., Respondents.

Calendar Date:October 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Robert T. Reilly, New York State United Teachers, Latham (Michael J. Del Piano of counsel), for appellants.
Hogan, Sarzynski, Lynch, DeWind & Gregory, LLP, Johnson City (John P. Lynch of counsel), for respondents.



Egan Jr., J.P.
(1) Appeal from a judgment of the Supreme Court (Baker, J.), entered October 22, 2020 in Schuyler County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition, and (2) motion to dismiss the appeal.
In executive orders issued in March 2020 to address the burgeoning COVID-19 pandemic, then-Governor Andrew Cuomo declared a state disaster emergency and temporarily ordered every school in the state to close and develop alternatives to in-person instruction (see Executive Law § 28; Executive Order [A. Cuomo] Nos. 202, 202.4 [9 NYCRR 8.202, 8.202.4]). A subsequent executive order suspended in-person instruction through the end of the 2019-2020 school year (see Executive Order [A. Cuomo] No. 202.45 [9 NYCRR 8.202.45]). The Governor then modified his prior orders and authorized schools to conduct in-person instruction for the 2020-2021 school year in accordance with guidance and directives from the Department of Health (see Executive Orders [A. Cuomo] No. 202.45, 202.60 [9 NYCRR 8.202.45, 8.202.60]). The Department of Health and the Education Department issued guidelines requiring that school districts prepare reopening plans in which an employee vulnerable to serious illness from COVID-19 could obtain work accommodations "where appropriate," citing telework, work environment modifications and additional personal protective equipment as potential options.
Respondent Watkins Glen Central School District (hereinafter the district) adopted a reopening plan for the 2020-2021 school year that allowed employees to request such accommodations. Of the four employees who did so, a non-instructional employee was allowed to work remotely and two others agreed to other accommodations. The fourth, an instrumental music teacher, was not permitted to work remotely because "the essential functions of [her] job" could not be performed via telework, and she did not agree to proposed alternative accommodations. Petitioners, the union that represents the teacher and other district employees as well as the union's president, then commenced this CPLR article 78 proceeding seeking to compel respondents to consider telework as an accommodation for instructional staff under the executive orders, guidance and reopening plan. Upon joinder of issue, Supreme Court dismissed the petition. Petitioners appeal.
Respondents move to dismiss this appeal as moot, pointing out that the pertinent executive orders have been rescinded and that neither the statewide guidance nor the district's reopening plan for the completed 2020-2021 school year remain in effect (see Executive Order [A. Cuomo] No. 210 [9 NYCRR 8.210]; see also L 2021, ch 71). They further assert that the district's reopening plan for the 2021-2022 school year makes no provision for telework as an employee accommodation. A live issue is not presented by petitioners' conclusory assertions in opposition to respondents' motion that the music teacher at the core of this proceeding took an unpaid [*2]leave of absence and other, unidentified employees took an unpaid leave of absence or retired after this proceeding was commenced in order to avoid in-person work. There is no evidence in the record or in the motion papers to support those claims (compare Matter of Evans v New York State Dept. of Health, 234 AD2d 762, 763-764 [1996], with Matter of Civil Serv. Empls. Assn., Local 810 v Clinton County Dept. of Pub. Health, 169 AD2d 970, 971 [1991]) — to the contrary, the only proof in the record on that point is respondents' representation in their answer that the music teacher continued to receive full pay and benefits — and petitioners made clear in both their petition and at oral argument before Supreme Court that they were not seeking a directive that any individual accommodation request be granted.[FN1] Accordingly, in the absence of any substantive indication that the rights of the parties will "be directly affected by the determination of the appeal," it is moot (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 810-811 [2003], cert denied 540 US 1017 [2003]; Matter of Sportsmen's Tavern LLC v New York State Liq. Auth., 195 AD3d 1557, 1558-1559 [2021]).
As for petitioners' argument that this case falls within the narrow exception to the mootness doctrine, even accepting that they "raise[] a substantial and novel question" that would typically evade review, whatever obligation respondents had to consider accommodation requests necessarily arose out of executive orders and other documents that are no longer in effect and that are unlikely to be restored (Saratoga County Chamber of Commerce v Pataki, 100 NY2d at 811). It is accordingly clear that the specific issue here is not "likely to recur" as is required to invoke the exception (Saratoga County Chamber of Commerce v Pataki, 100 NY2d at 811-812; see Matter of Sportsmen's Tavern LLC v New York State Liq. Auth., 195 AD3d at 1558-1559; Matter of New York Citizens Util. Bd. v Pataki, 231 AD2d 185, 187 [1997], lv denied 90 NY2d 811 [1997]; New York Pub. Interest Research Group v Regan, 91 AD2d 774, 775 [1982], lv denied 58 NY2d 610 [1983]). Thus, the appeal is dismissed.
Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion to dismiss the appeal is granted, without costs.



Footnotes

Footnote 1: Petitioners also contend that the district's reopening plan for the 2021-2022 school year runs afoul of Labor Law §
27-c (3) but, even if true, that issue was not raised in their petition and cannot be advanced upon appeal (see Matter of New York State School Bds. Assn. v New York State Bd. of Regents, 210 AD2d 654, 654-655 [1994]).