Matter of Supreme Ct. Justices Assn. of the City of N.Y., Inc. v Administrative Bd. of the N.Y. State Unified Ct. Sys. (2022 NY Slip Op 06032)

Matter of Supreme Ct. Justices Assn. of the City of N.Y., Inc. v Administrative Bd. of the N.Y. State Unified Ct. Sys.

2022 NY Slip Op 06032

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

532591
[*1]In the Matter of Supreme Court Justices Association of the City of New York, Inc., by its President, et al., Respondents-Appellants,
v
Administrative Board of the New York State Unified Court System et al., Appellants-Respondents.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynold Fitzgerald and Ceresia, JJ.

Office of Court Administration, New York City (Elizabeth Forman of counsel), and Greenberg Traurig, LLP, Albany (Henry M. Greenberg of counsel), for appellants-respondents.
Stroock & Stroock & Lavan LLP, New York City (Dina Kolker of counsel), for respondents-appellants.

Egan Jr., J.P.
Cross appeals (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Paul J. Baisley Jr., J.), entered December 31, 2020 in Suffolk County, which, among other things, partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Administrative Board of the New York State Unified Court System denying certification for certain Supreme Court justices.
The underlying facts are more fully set forth in our decision in Matter of Gesmer v Administrative Bd. of the N.Y. State Unified Ct. Sys. (194 AD3d 180 [3d Dept 2021], appeal dismissed 37 NY3d 1103 [2021]). Briefly, in September 2020, respondent Administrative Board of the New York State Unified Court System (hereinafter the Board), citing budgetary problems, denied the applications of 46 out of 49 elected Supreme Court justices who had sought certification to serve after reaching the mandatory retirement age of 70. The Board's determination was challenged, as is relevant here, in two matters heard contemporaneously by Supreme Court, Gesmer and this CPLR article 78 proceeding. Petitioners in this matter included several of the justices who had sought certification (hereinafter the petitioner justices), and they alleged that the Board's determination was arbitrary and capricious in that it disregarded constitutional and statutory standards for determining the petitioner justices' applications (first cause of action) and undermined the court system's stated mission of ensuring timely access to justice (second cause of action), as well as that it constituted unlawful age discrimination (third cause of action). Petitioners accordingly sought directives setting aside the Board's determination, allowing the petitioner justices to withdraw pension and postretirement health care applications necessitated by that determination and requiring the Board to conduct an individualized reevaluation of their applications for certification.
Motion practice ensued, including a cross motion by respondents to change venue and to dismiss the petition for failure to state a claim. Thereafter, Supreme Court issued a judgment in Gesmer that annulled the Board's determination as arbitrary and capricious and deemed the Gesmer petitioners' remaining contentions to be academic or meritless (see id. at 184). The next day, the court issued a judgment in this matter that granted petitioners' second cause of action for the reasons set forth in Gesmer, determined that their remaining contentions were academic or meritless, and denied respondents' cross motion. Respondents appeal and petitioners cross-appeal.
During the pendency of these appeals, two significant developments occurred. First, this Court heard appeals from the judgment and another order in Gesmer and, in March 2021, held that "the Board acted in accord with the governing standard and within the scope of its broad authority in" rendering [*2]the challenged determination (id. at 187). We also found no merit in the other claims asserted by the Gesmer petitioners on appeal, including an age discrimination claim identical to that raised by petitioners here, and modified the judgment to dismiss the petition/complaint in its entirety (see id.). Second, the budgetary problems that formed the basis for the Board's determination were resolved and, in April 2021, the petitioner justices and others whose applications for certification had been denied were invited to reactivate their applications for consideration by the Board.[FN1]
Respondents argue, and we agree, that the foregoing developments render these appeals moot. Petitioners primarily commenced this CPLR article 78 proceeding to challenge the Board's determination and require the Board to conduct an individualized assessment of the petitioner justices' applications for certification. By virtue of the April 2021 offer to reactivate their applications for certification, the petitioner justices and other applicants have been afforded the opportunity to receive that individualized assessment. As such, petitioners have received the relief they sought with regard to the Board's determination, and their arguments attacking it have been rendered moot.
Petitioners suggest that a live issue remains in that the petitioner justices also sought an opportunity to withdraw various retirement applications submitted as a result of the Board's determination. We do not agree. As any entitlement to withdraw those retirement applications would depend upon the Board's determination being fatally flawed — which we held in Gesmer it was not — petitioners no longer have a direct stake in any controversy over that entitlement (see e.g. Matter of Canarelli v New York State Dept. of Corr. & Community Supervision, 177 AD3d 1058, 1059 [3d Dept 2019]; Matter of Boodro v Coughlin, 142 AD2d 820, 821 [3d Dept 1988]). In any event, petitioners failed to name the State Comptroller as a party respondent and, since he is the official to whom the petitioner justices submitted their retirement papers and who is tasked with handling and deciding them, no directive authorizing the withdrawal of those applications could be granted in this proceeding (see generally Judiciary Law § 39 [6]; Retirement and Social Security Law §§ 11, 74, 101 [c]). It follows that petitioners' arguments regarding the retirement applications do not present a live controversy because they could "have no immediate consequences nor [affect] the rights of the parties" under the circumstances of this case (Matter of Lamb v New York State Dept. of Motor Vehs., 187 AD3d 1269, 1270 [3d Dept 2020]; see Matter of Johnson v Pataki, 91 NY2d 214, 222 [1997]; see e.g. Matter of Kalodukas v Berentsen, 121 AD3d 1476, 1477 [3d Dept 2014]). As such, petitioners' challenges are uniformly moot.
As for petitioners' various arguments as to why we should nevertheless address the merits of their challenges, we are unpersuaded[*3]. In view of the facts that we considered the merits of identical challenges to the Board's determination in Gesmer and that the severe, pandemic-related budgetary problems that led to that determination are unlikely to recur, we are unpersuaded by petitioners' efforts to argue that this case falls within the narrow exception to the mootness doctrine (see Matter of Lasko v Board of Educ. of the Watkins Glen Cent. Sch. Dist., 200 AD3d 1260, 1262 [3d Dept 2021]; Matter of Marcus TT. [Markus TT.], 188 AD3d 1461, 1463 [3d Dept 2020]; Matter of Schulz v State of New York, 200 AD2d 936, 937 [3d Dept 1994], appeal dismissed 83 NY2d 905 [1994]; see also County of Los Angeles v Davis, 440 US 625, 631-634 [1979]). For similar reasons, we decline petitioners' related invitation to convert this CPLR article 78 proceeding into an action for declaratory judgment in order to consider their arguments (see CPLR 103 [c]; People ex rel. Ross v Stanford, 184 AD3d 1055, 1057 [3d Dept 2020]; Matter of Canarelli v New York State Dept. of Corr. & Community Supervision, 177 AD3d at 1059; compare Matter of Diamond Asphalt Corp. v Sander, 92 NY2d 244, 253 [1998]; Group House of Port Washington v Board of Zoning & Appeals of Town of N. Hempstead, 45 NY2d 266, 271 [1978]). Thus, the appeals are dismissed.
Finally, respondents argue that, although the appeals are moot, we should vacate Supreme Court's judgment and dismiss the petition to ensure that it carries no unwarranted precedential value (see e.g. Matter of Hearst Corp. v Clyne, 50 NY2d 707, 718 [1980]; Funderburke v State Dept. of Civ. Serv., 49 AD3d 809, 811-812 [2d Dept 2008]; Matter of Finkelstein v New York State Bd. of Law Examiners, 241 AD2d 728, 729 [3d Dept 1997]). However, Supreme Court granted the petition upon its reasoning in Gesmer, and we have already reviewed and rejected that reasoning. We therefore decline respondents' invitation to vacate the judgment (see Matter of NRG Energy, Inc. v Crotty, 18 AD3d 916, 920 [3d Dept 2005]).
Petitioners' remaining contentions, to the extent that they are not addressed above, are either academic or meritless.
Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the cross appeals are dismissed, as moot, without costs.

Footnotes

Footnote 1: Notably, after that opportunity was granted to the applicants for certification, the Court of Appeals dismissed the Gesmer petitioners' appeal from this Court's order as moot (see Matter of Gesmer v Administrative Bd. of the N.Y. State Unified Ct. Sys., 37 NY3d 1103 [2021]).