Matter of Arriaga v Malin (2023 NY Slip Op 00134)

Matter of Arriaga v Malin

2023 NY Slip Op 00134

Decided on January 12, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 12, 2023 

533900
[*1]In the Matter of Anthony Arriaga, Appellant,
v
Lesley Malin, as Deputy Superintendent for Programs, et al., Respondents.

Calendar Date:December 15, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ. 

Anthony Arriaga, Fallsburg, appellant pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Patrick McGrath, J.), entered June 29, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying petitioner's grievance.
Petitioner, an incarcerated individual, was assigned as a law library clerk at Sing Sing Correctional Facility from May 2014 until September 2017 and again from April 2018 until his removal from the position in May 2019. Petitioner's removal was precipitated by a February 2019 directive that required identification and review of incarcerated individuals assigned to positions deemed "sensitive or preferred" for more than 36 months. Petitioner filed a grievance concerning his removal, which was ultimately denied by the Central Office Review Committee. Petitioner then commenced this CPLR article 78 proceeding challenging the denial of his grievance. Following joinder of issue, Supreme Court dismissed the petition finding, among other things, that petitioner failed to demonstrate that his removal was arbitrary and capricious and that, considering the deference afforded to facility administrators regarding matters of internal security, there was no basis to disturb the denial of petitioner's grievance. This appeal ensued.
As petitioner has been transferred to Sullivan Correctional Facility since this appeal was taken, he is no longer aggrieved by the administrative action that was the subject of his grievance (see Matter of Gilkeson v Annucci, 166 AD3d 1195, 1195 [3d Dept 2018]; Matter of Green v Chappius, 147 AD3d 1129, 1130 [3d Dept 2017], lv denied 29 NY3d 914 [2017]; Matter of Cardew v Annucci, 134 AD3d 1437, 1437 [4th Dept 2015]). To the extent petitioner contends that the exception to the mootness doctrine applies because the February 2019 directive governs all facilities, he appears to be challenging the directive itself, rather than the determination as to his grievance, which should have been brought as a declaratory judgment action (see Matter of Rincon v Annucci, 186 AD3d 1869, 1870 [3d Dept 2020]). We decline to sua sponte convert this matter in the interest of justice (see CPLR 103 [c]; Matter of Supreme Ct. Justices Assn. of the City of N.Y., Inc. v Administrative Bd. of the N.Y. State Unified Ct. Sys., 209 AD3d 1178, 1180 [3d Dept 2022]).
Garry, P.J., Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.