Matter of Ferrera v New York City Dept. of Educ. (2024 NY Slip Op 04317)

Matter of Ferrera v New York City Dept. of Educ.

2024 NY Slip Op 04317

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-06648
2023-08287
 (Index No. 85032/23)

[*1]In the Matter of Christie Ferrera, respondent, 
v
New York City Department of Education, appellant.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Melanie T. West and Antonella Karlin of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Education dated January 24, 2023, which denied the petitioner's request for an extension of a medical exemption to a vaccine mandate, the New York City Department of Education appeals from (1) a judgment of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated May 4, 2023, and (2) a money judgment of the same court dated July 11, 2023. The judgment granted the petition, annulled the determination, and directed that the petitioner was entitled to a medical exemption from the vaccine mandate. The money judgment is in favor of the petitioner and against the New York City Department of Education in the total sum of $24,021.06, representing an award of attorneys' fees and costs.
ORDERED that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed; and it is further,
ORDERED that the money judgment is reversed, on the law; and it is further,
ORDERED that one bill of costs is awarded to the New York City Department of Education.
The petitioner is a teacher for the New York City Department of Education (hereinafter DOE). By order dated August 24, 2021, the New York City Commissioner of Health and Mental Hygiene issued a mandate requiring all DOE employees, among others, to provide proof of COVID-19 vaccination (hereinafter the vaccine mandate). The petitioner applied for and received a medical exemption to the vaccine mandate. The petitioner's medical exemption was extended twice and was due to expire on January 27, 2023. The petitioner requested an extension of her medical exemption, and DOE denied the request on January 24, 2023. On January 25, 2023, the petitioner's medical exemption was extended until February 17, 2023. On February 6, 2023, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination dated January 24, 2023, denying her request for an extension of her medical exemption to the vaccine mandate. On February 9, 2023, before the plaintiff's medical exemption expired, the vaccine mandate was repealed. In a judgment dated May 4, 2023, the Supreme Court granted the petition, annulled the determination, and directed that the petitioner was entitled to a medical exemption from the vaccine mandate. In a money judgment dated July 11, 2023, the court awarded the petitioner attorneys' fees and costs in the total sum of $24,021.06. DOE appeals.
Courts are prohibited from rendering advisory opinions, and a matter will be considered academic unless the rights of the parties will be directly affected by the determination of the matter and the interest of the parties is an immediate consequence of the judgment (see TAL Props. of Pomona, LLC v Village of Pomona, 221 AD3d 1038, 1039; C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 61; State Farm Mut. Auto. Ins. Co. v TIG Ins. Co., 62 AD3d 859, 860). Here, the vaccine mandate, which was never enforced against the petitioner, was repealed on February 9, 2023. Accordingly, the petition is academic (see Matter of Vignali v City of New York, 222 AD3d 419, 420; Matter of Lasko v Board of Educ. of the Watkins Glen Cent. Sch. Dist., 200 AD3d 1260).
Furthermore, the exception to the mootness doctrine, which permits judicial review where the case presents a significant issue that is likely to recur and evade review, is inapplicable here (see C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d at 61). The issue is not likely to repeat, as the vaccine mandate has been repealed and the possibility that some form of vaccine mandate might be enforced against the petitioner at some unknown time in the future is entirely speculative, and the petitioner does not raise novel questions (see Matter of Vignali v City of New York, 222 AD3d at 420; Matter of Lasko v Board of Educ. of the Watkins Glen Cent. Sch. Dist., 200 AD3d at 1262).
Since an award of attorneys' fees is not authorized by agreement between the parties, by statute, or by court rule, the Supreme Court improperly awarded attorneys' fees to the petitioner (see Matter of Dechbery v Cassano, 157 AD3d 499, 500; Matter of McCrudden v Putnam Val. Cent. School Dist., 88 AD3d 721, 722).
DOE's remaining contention is improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court