Matter of Viznitz Insts., Inc. v New York State Educ. Dept. (2025 NY Slip Op 06768)

Matter of Viznitz Insts., Inc. v New York State Educ. Dept.

2025 NY Slip Op 06768

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-24-0883
[*1]In the Matter of Viznitz Institutions, Inc., Doing Business as Bais Yisroel School, Appellant,
v
New York State Education Department et al., Respondents.

Calendar Date:October 8, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Abrams Fensterman, LLP, White Plains (Aaron Zucker of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Aarons, J.
Appeal from a judgment of the Supreme Court (James Ferreira, J.), entered April 12, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request to participate in a food service program for the summer of 2023.
Petitioner operates a non-profit private school in Sullivan County. In May 2023, following informal conversations, petitioner submitted to respondent New York State Education Department (hereinafter SED) a request to provide non-congregate meal services to children in rural areas in connection with the Summer Food Service Program (hereinafter SFSP), which is a federal program administered by SED. When petitioner did not provide certain additional materials to support its request, the request was denied by SED. In June 2023, when petitioner did not complete its program application, SED deemed the application abandoned. Petitioner attempted to administratively appeal, which attempt SED rejected as procedurally improper. Petitioner commenced this proceeding to review respondents' determination, and, after issue was joined, Supreme Court dismissed the petition, and this appeal ensued.
Initially, the challenged agency determination applied only to summer 2023, and the outcome of this proceeding "will not result in immediate and practical consequences to the parties," rendering the matter moot (Matter of Percinthe v Department of Corr. & Community Supervision, 227 AD3d 1347, 1348 [3d Dept 2024] [internal quotation marks and citation omitted], lv denied 42 NY3d 908 [2024]; see Matter of Lasko v Board of Educ. of the Watkins Glen Cent. Sch. Dist., 200 AD3d 1260, 1261 [3d Dept 2021]).[FN1] Petitioner, however, argues that the mootness exception applies, and we should reach the merits of its challenge to SED's summer 2023 denial. "An exception to the mootness doctrine may apply where the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 211 AD3d 1442, 1444 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).
Even assuming the issues here fit the second and third requirements to invoke the mootness exception, we are not persuaded that the issues raised here are likely to recur (see Matter of Association of Motor Veh. Trial Attorneys, Inc. v New York State Dept. of Motor Vehs., 223 AD3d 948, 950 [3d Dept 2024]). Petitioner first asserts that, contrary to respondents' view, the SFSP regulations require SED to provide an administrative appeal for a denial of a standalone request to provide non-congregate meal services. Petitioner's summer 2023 request was based upon its summer 2022 plan for non-congregate meal services, which services were provided [*2]under pandemic-related regulatory flexibilities. The record reflects that SED's denial of petitioner's summer 2023 non-congregate meal services request was based in part upon the expiration of those flexibilities and a return to pre-pandemic rules generally prohibiting non-congregate meal services in areas with available congregate meal sites (see 7 CFR 225.6 [h]). SED emphasized that its denial was not a determination of petitioner's SFSP sponsorship or site and encouraged petitioner to operate an SFSP site at its school. Petitioner went on to provide congregate meal services as an SFSP participant in summer 2024 and summer 2025. "It is accordingly clear that the specific issue here is not likely to recur as is required to invoke the exception" (Matter of Lasko v Board of Educ. of the Watkins Glen Cent. Sch. Dist., 200 AD3d at 1262 [internal quotation marks and citations omitted]).
Petitioner also requests that we invoke the mootness exception to reach Supreme Court's conclusion that respondents could unilaterally deny Sullivan County's status as "rural" under the SFSP regulations (see 7 CFR 225.2). Respondents' denial did not rely upon any discretionary authority they may possess to deem Sullivan County not "rural" for SFSP purposes, and they have conceded that Sullivan County met SFSP's regulatory definition of "rural." Given these circumstances, we cannot conclude that the issue is likely to recur (see Matter of Supreme Ct. Justices Assn. of the City of N.Y., Inc. v Administrative Bd. of the N.Y. State Unified Ct. Sys., 209 AD3d 1178, 1180 [3d Dept 2022]). In light of our conclusion, we need not reach the parties' remaining contentions.
Clark, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: Petitioner conceded during oral argument that its challenge to the summer 2023 denial is moot.