Matter of Elijah S. (2022 NY Slip Op 02162)





Matter of Elijah S.


2022 NY Slip Op 02162


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

530928
[*1]In the Matter of Elijah S. Victor Krawec, as Forensic Unit Chief of Central New York Psychiatric Facility, Respondent; Elijah S., Appellant.

Calendar Date:February 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Danielle Neroni Reilly, Albany, for appellant.
Letitia James, Attorney General, Albany (Allyson B. Levine of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Schick, J.), entered January 24, 2020 in Sullivan County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 33, to authorize petitioner to administer antipsychotic medication to respondent over his objection.
Respondent is an incarcerated individual presently serving time at the Sullivan Correctional Facility upon two separate convictions of assault in the second degree. Having been diagnosed with schizophrenia prior to his current incarceration, respondent has been court ordered to take antipsychotic medication over his objection on two previous occasions. In July 2019, petitioner commenced this proceeding pursuant to Mental Hygiene Law article 33 seeking to medicate respondent over his objection. A hearing was held and, thereafter, Supreme Court granted the petition authorizing certain medications to be administered to respondent over his objection. By the terms of this order, entered on January 23, 2020, such authorization continued "for a period of two years." Respondent appeals.
As respondent concedes, the order expired by its own terms in January 2022; thus, the instant appeal is moot (see Matter of Glen T., 163 AD3d 1135, 1135 [2018]; Matter of McCulloch v Melvin H., 156 AD3d 1480, 1481 [2017], appeal dismissed 31 NY3d 927 [2017], lv denied 32 NY3d 902 [2018]). Respondent argues, however, that the exception to the mootness doctrine applies here. The exception to the mootness doctrine applies where there is "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]; see Matter of Lucas QQ. [Rahman], 146 AD3d 92, 95 [2016]). Although this type of proceeding often recurs (see e.g. Rivers v Katz, 67 NY2d 485, 495 [1986]; Matter of Lucas QQ. [Rahman], 146 AD3d at 95), given the two-year duration of the order, this is not an issue that typically evades review, nor does respondent present a substantial or novel question not previously addressed by this Court. Thus, the exception to the mootness doctrine does not apply here (see Matter of Glen T., 163 AD3d at 1135; Matter of Russell v Tripp, 144 AD3d 1593, 1594 [2016]; Matter of Bosco [Quinton F.], 100 AD3d 1525, 1526 [2012]; Matter of Bosco v Michael N., 93 AD3d 1207, 1207 [2012]). Garry, P.J., Lynch, Pritzker and McShan, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.