Matter of Smith v Annucci (2022 NY Slip Op 03162)

Matter of Smith v Annucci

2022 NY Slip Op 03162

Decided on May 12, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 12, 2022

533288
[*1]In the Matter of Dwight Smith, Appellant,
v
Anthony J. Annucci, As Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Robert S. Dean, Center for Appellate Litigation, New York City (Matthew Bova of counsel), for appellant.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the Supreme Court (Kushner, J.), entered April 12, 2021 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision denying petitioner's request for a limited credit time allowance.
In 2012, petitioner was convicted of manslaughter in the first degree and was then placed under the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS). In 2016, this conviction was reversed, with the People granted leave to re-present charges to a different grand jury (People v Smith, 143 AD3d 31 [2016], mod 30 NY3d 626 [2017]). As a consequence, petitioner was transferred out of DOCCS's custody and placed in a pretrial detention facility outside of DOCCS's jurisdiction. Petitioner remained at this facility from 2016 until 2019, at which point he was returned to DOCCS's custody after his subsequent conviction of attempted murder in the second degree upon his guilty plea.
After being placed in DOCCS's custody, petitioner applied for a limited credit time allowance (see Correction Law § 803-b). His application, however, was denied. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the denial of his application. During the pendency of his proceeding, petitioner was released on parole supervision. Supreme Court then dismissed the petition as moot. Petitioner appeals.
Whether petitioner's claim is moot is not at issue. Rather, the inquiry centers on whether the exception to the mootness doctrine applies. This exception provides that a moot issue may still be decided if three elements are met — the issue is likely to recur between the parties or members of the public, it is novel and substantial and it typically evades review (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Even if we agreed with petitioner that the issue raised in his petition typically evades review, it is not likely to recur and it is not novel and substantial. Because all three elements to the exception to the mootness doctrine are not present, the exception is inapplicable. As such, Supreme Court correctly dismissed the petition as moot (see Matter of Waters v Central Off. Review Comm. of the Dept. of Corr. & Community Supervision, 142 AD3d 1204, 1204 [2016]).
Egan Jr., J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.