Matter of Marxuach v New York State Dept. of Corr. & Community Supervision (2022 NY Slip Op 07488)

Matter of Marxuach v New York State Dept. of Corr. & Community Supervision

2022 NY Slip Op 07488

Decided on December 29, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 29, 2022

534167
[*1]In the Matter of Francisco Marxuach, Respondent,
v
New York State Department of Corrections and Community Supervision et al., Appellants.

Calendar Date:November 21, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for appellants.
Appellate Advocates, New York City (Lisa Napoli of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Justin Corcoran, J.), entered August 12, 2021 in Albany County, which, upon reargument, partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, among other things, annul a determination of respondent Board of Parole imposing a certain condition upon petitioner's release to parole supervision.
In 2015, petitioner pleaded guilty to the crime of attempted burglary in the second degree as a sexually motivated offense. Petitioner was sentenced to a prison term of two years followed by five years of postrelease supervision. Thereafter, petitioner was transferred to the custody of respondent Department of Corrections and Community Supervision. Petitioner reached the maximum prison term for his conviction and respondent Board of Parole (hereinafter the Board) determined that petitioner was subject to the Sexual Assault Reform Act (L 2000, ch 1, as amended by L 2005, ch 544 [hereinafter SARA]) and was prohibited from residing within 1,000 feet of school grounds (see Executive Law § 259-c [14]). Since petitioner was unable to find SARA-compliant housing, he was transferred to a residential treatment facility (see Penal Law § 70.45 [3]). Petitioner's subsequent writ of habeas corpus, based on his detention at a treatment facility for over six months, was granted. However, rather than accomplish his unconditional release, Supreme Court (Rosa, J.) directed that his release be to the New York City Department of Corrections, as petitioner had pending unrelated criminal charges. Petitioner pleaded guilty to these charges and received a sentence of 1½ to 3 years. Petitioner was subsequently approved for parole, subject to his location of SARA-compliant housing.
In August 2020, petitioner commenced this CPLR article 78 proceeding, seeking, among other things, to annul the determination that the SARA school grounds prohibition was a mandatory condition of his parole release because he was convicted of attempted burglary — a crime defined in Penal Law article 140, not one of the crimes enumerated in Executive Law § 259-c (14) — and to order his release. Supreme Court (Corcoran, J.) dismissed the petition, determining that the condition could be imposed within the Board's discretion and that the condition was rationally related to petitioner's past conduct. Petitioner moved for leave to renew and reargue and, upon reargument, Supreme Court granted the petition to the extent of annulling the determination that the SARA school ground prohibition was mandatory and remitted the matter to the Board for it to exercise its discretion in determining whether petitioner should be subject to the prohibition. Respondents appeal.
During the pendency of this appeal, petitioner was released to SARA-compliant housing and his postrelease supervision expired. The threshold question is whether this appeal has been rendered moot given petitioner's release and the expiration of his postrelease supervision[*2]. "As a general principle, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Matter of Aaron Manor Rehabilitation & Nursing Ctr., LLC v Zucker, 205 AD3d 1193, 1196 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Mental Hygiene Legal Serv. v Delaney, 176 AD3d 24, 30 [3d Dept 2019], appeal dismissed 38 NY3d 1076 [2022]). "An exception to the mootness doctrine may apply where the issue to be decided, though moot, (1) is likely to recur, either between the parties or other members of the public, (2) is substantial and novel, and (3) will typically evade review in the courts" (Matter of Correction Officers Benevolent Assn., Inc. v Poole, 188 AD3d 1525, 1529 [3d Dept 2020] [internal quotation marks, ellipsis and citations omitted]; see Matter of Elijah S., 203 AD3d 1482, 1482 [3d Dept 2022], lv denied 38 NY3d 913 [2022]).
Even if we were to agree with respondents' contention that the issue is novel and substantial, the issue will not typically evade review, as an incarcerated individual may commence a habeas corpus proceeding to argue that a condition imposed as part of his or her parole release violates his or her right to substantive due process. "Because all three elements to the exception to the mootness doctrine are not present, the exception is inapplicable" (Matter of Smith v Annucci, 205 AD3d 1180, 1181 [3d Dept 2022]). Accordingly, the appeal must be dismissed (see Matter of Correction Officers Benevolent Assn., Inc. v Poole, 188 AD3d at 1529; Owner Operator Ind. Drivers Assn., Inc. v Karas, 188 AD3d 1313, 1316 [3d Dept 2020]).
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.