Matter of Clarence T. (2023 NY Slip Op 06776)

Matter of Clarence T.

2023 NY Slip Op 06776

Decided on December 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 28, 2023

534369
[*1]In the Matter of Clarence T. Gregory Savage, as Unit Chief of Central New York Psychiatric Center Clinton Satellite Unit, Respondent; Clarence T., Appellant.

Calendar Date:November 21, 2023

Before:Garry, P.J., Lynch, Ceresia, Fisher and Powers, JJ.

Adam H. Van Buskirk, Auburn, for appellant.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (John T. Ellis, J.), entered September 29, 2021 in Clinton County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 33, to authorize petitioner to administer psychotropic medications to respondent over his objection.
Respondent is an incarcerated individual presently serving a term of imprisonment at Clinton Correctional Facility for convictions of assault in the second degree and attempted burglary in the second degree. Diagnosed with schizoaffective disorder, bipolar subtype, respondent has a long history of psychiatric hospitalizations beginning when he was a teenager. On numerous occasions, respondent has refused to take antipsychotic medication and has then become a danger to himself and others. After expiration of a previous court order authorizing petitioner to treat respondent with antipsychotic and mood-stabilizing drugs over his objection, petitioner commenced this proceeding, seeking to obtain another such order. In September 2021, following a hearing, Supreme Court granted the petition. The court's order was set to expire on September 29, 2023 unless petitioner applied for a new order prior to that date, in which case the order would continue until a determination on the new application was rendered. Respondent appeals.
Inasmuch as petitioner did not seek a new order, and, thus, the subject order expired on September 29, 2023, this appeal is now moot (see Matter of Elijah S., 203 AD3d 1482, 1482 [3d Dept 2022], lv denied 38 NY3d 913 [2022]; Matter of Glen T., 163 AD3d 1135, 1135 [3d Dept 2018]; Matter of Bosco [Quinton F.], 100 AD3d 1525, 1526 [4th Dept 2012]). Further, the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). "Although this type of proceeding often recurs, given the two-year duration of the order, this is not an issue that typically evades review, nor does respondent present a substantial or novel question not previously addressed by this Court" (Matter of Elijah S., 203 AD3d at 1482-1483 [internal citations omitted]; see Matter of Glen T., 163 AD3d at 1135; Matter of Russell v Tripp, 144 AD3d 1593, 1594 [4th Dept 2016]).
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.