Matter of Murphy v New York State Dept. of Corr. & Community Supervision (2026 NY Slip Op 01258)

Matter of Murphy v New York State Dept. of Corr. & Community Supervision

2026 NY Slip Op 01258

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CV-24-1266
[*1]In the Matter of Katherine Murphy, Appellant,
vNew York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:January 13, 2026

Before:Aarons, J.P., Pritzker, Ceresia, Powers and Mackey, JJ.

Beldock Levine & Hoffman LLP, New York City (Marc A. Cannan of counsel), for appellant.
Letitia James, Attorney General, Albany (Rachel Raimondi of counsel), for respondents.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Meagan Galligan, J.), entered May 20, 2024 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner is the wife of an incarcerated individual (hereinafter the husband) in the custody of respondent Department of Corrections and Community Supervision (hereinafter DOCCS). Petitioner's visitation rights were suspended indefinitely by DOCCS after a December 2022 incident during visitation at Auburn Correctional Facility. Petitioner thereafter requested that the penalty be modified. A hearing was held in May 2023, at which petitioner was represented by counsel; following the hearing, in a decision dated June 22, 2023, the Hearing Officer affirmed the indefinite suspension of petitioner's visitation privileges. The Hearing Officer's decision stated that an appeal therefrom must be taken in writing "within 60 days of the date this decision was issued." Petitioner filed a written appeal dated September 11, 2023, which was received by DOCCS on September 25, and, in a November 2023 letter, associate counsel for DOCCS informed petitioner that her appeal could not be considered because it was untimely taken.
Petitioner commenced this CPLR article 78 proceeding, as relevant here, requesting annulment of the Hearing Officer's determination on the basis that the penalty exceeds the maximum penalty for misconduct and reinstatement of her visitation privileges. Respondents moved pre-answer to dismiss the petition on the basis that petitioner failed to exhaust her administrative remedies. Petitioner opposed, and Supreme Court granted respondents' motion and dismissed the petition based upon petitioner's failure to exhaust her administrative remedies due to filing an untimely appeal. Petitioner appeals.
As a threshold matter, while this appeal was pending, petitioner's visiting privileges have been reinstated as a result of her January 2025 request for reconsideration. Thus, given that petitioner received the ultimate relief sought in the petition, she is no longer aggrieved and her appeal must be dismissed as moot (see Matter of Adams v Venettozzi, 163 AD3d 1392, 1393 [3d Dept 2018]; Matter of Tafari v Leclaire, 79 AD3d 1539, 1540 [3d Dept 2010], lv denied 16 NY3d 709 [2011]), and the mootness exception does not apply (see People ex rel. Nelson v Superintendent of Shawangunk Corr. Facility, 235 AD3d 1054, 1056 [3d Dept 2025], lv denied 44 NY3d 903 [2025]; Matter of Marxuach v New York State Dept. of Corr. & Community Supervision, 211 AD3d 1442, 1444 [3d Dept 2022]).
Aarons, J.P., Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.